[No. 18642. Department Two. July 29, 1924.]

THE STATE OF WASHINGTON, *Respondent,* v. ANTONE CRESTO, *Appellant.*[1]

CRIMINAL LAW (232)—TRIAL—RIGHT TO OBJECT TO EVIDENCE—WAIVER. Where accused consented to a joint trial of his case with that of his wife, he is not in a position to complain of evidence admissible only against his wife on the ground that it prejudiced his own case.

INTOXICATING LIQUORS (49) — PROSECUTIONS — ADMISSIBILITY OF EVIDENCE—PRIOR CONVICTIONS—COMPLAINT IN JUSTICE COURT. In a prosecution for unlawful possession of liquor, where a prior conviction before a justice of the peace did not specify the offense, the complaint before the justice is admissible to show a prior conviction of unlawful possession.

SAME (49). In such a case, it is competent to establish the identity of the accused in such prior conviction by the testimony of his attorney, who was the prosecuting attorney on the former trial.

CRIMINAL LAW (338)—VERDICT—SUFFICIENCY OF SPECIFICATION OF OFFENSE. In a prosecution for unlawful possession of intoxicating liquor, a verdict of guilty of "unlawfully having possession of either malt, vinous or spiritous intoxicating liquor other than alcohol" is sufficient, as the unnecessary words may be treated as surplusage.

Appeal from a judgment of the superior court for Kittitas county, Davidson, J., entered December 28, 1923, upon a trial and conviction of unlawful possession of intoxicating liquor. Affirmed.

*E. K. Brown* and *C. R. Hadley,* for appellant.
*Arthur McGuire,* for respondent.

BRIDGES, J.—Defendant was charged with possession of intoxicating liquor with intent to sell it. His appeal follows his conviction for unlawful possession. It appears that his wife was also charged with the same offense, and the two cases, while not consolidated,

[1]Reported in 227 Pac. 856.

were by agreement tried together. It also appears
that the information against appellant's wife alleged
a former conviction for violation of the prohibition
law. The record shows that the former conviction was
had in this manner: In June, the appellant and his
wife were jointly charged with unlawful possession of
intoxicating liquor. That suit was instituted in a
certain justice of the peace court. The wife was
found guilty and the appellant innocent. In the trial
of the case at bar, the state undertook to prove the
prior conviction of appellant's wife, and in so doing
offered a certified copy of the proceedings, as shown
by the docket of the justice of the peace. That docu-
ment upon its face is quite indefinite. It shows that
appellant's wife was found guilty but does not defi-
nitely state of what crime. In order to cure this de-
fect, the state also offered in evidence the complaint
in the justice court which charged unlawful possession.
Appellant here complains that it was wrong for the
court to allow any of this testimony, because it tended
to prejudice him in the eyes of the jury, and he par-
ticularly complains about the admission of the com-
plaint which had been filed in the justice's court. While
these documents show that the appellant had been
previously charged with the crime of unlawful pos-
session, and were not admissible as against him, yet it
was proper to receive them as against the wife; and
since appellant consented to the trial of his case with
that of his wife, he is not in position to complain. Nor
was it improper to receive in evidence the complaint
filed in the justice's court. Since the judgment of that
court left a doubt as to the crime for which the wife
had been convicted, it was proper for the state to clear
that doubt by introducing the complaint which showed

that the wife had been charged with the unlawful possession of intoxicating liquor.

It further appears that the attorney for the appellant in this case had formerly been the prosecuting attorney of the county where the case was tried. The state felt that it had not sufficiently identified appellant's wife as being the same person who had previously been convicted in the justice court and called appellant's attorney to the witness stand for the purpose of supplying through him the proof. Appellant now seriously complains that his attorney was thus made to testify against him. But there was nothing wrong about this. The state had a right to make the necessary proof in any way it saw fit, and the mere fact that it made it through a person who happened at the time to be appellant's attorney cannot alter the situation nor make the testimony improper. Besides, all this part of the proceeding was with reference to the action against appellant's wife and did not touch him, and it is difficult for us to see how the matters complained of here could have been prejudicial to him.

It is also claimed the verdict is so indefinite as to be void. It found the appellant "guilty of unlawfully having possession of either malt, vinous or spiritous intoxicating liquor other than alcohol . . ." While this return is awkwardly worded, it is easy to determine its meaning, which is, that the appellant was guilty of having in his possession intoxicating liquor which was malt, vinous or spirituous. The question submitted to the jury was whether appellant had possession of intoxicating liquor. The plain meaning of this verdict is that he did. The words "either malt, vinous or spiritous" are not necessary and may be treated as surplusage. *Pearson v. Arlington Dock Co.*, 111 Wash. 14, 189 Pac. 559.

Appellant cites *State v. Grossman*, 214 Mo. 233, 113

S. W. 1074, and *Scott v. State,* 4 Okl. Cr. 70, 109 Pac. 240, as favorable to his contention.

In the *Scott* case, the charge was in two counts; first, that on a certain day the defendant unlawfully carried about intoxicating liquor; and second, that he unlawfully gave away and otherwise furnished intoxicating liquor to a designated person. The verdict was: "We the jury . . . find the defendant guilty." The court said:

"The verdict rendered is a general verdict of guilty, not specifying whether the defendant is guilty of the first or second counts of the information or both, and is not sufficiently certain to enable the court to pronounce judgment upon it according to the right of the case."

Plainly, this case is not in point.

In the *Grossman* case, *supra,* there was a statute which provided that any dram shop keeper "who shall keep open such dram shop, or sell, give away or otherwise dispose of, or suffer the same to be done, upon or about his premises, any intoxicating liquor" on Sunday shall be guilty of a certain designated offense. The information was in two counts; the first was that the defendant sold, gave away and disposed of liquor in his dram shop on Sunday; the second charged defendant with keeping open his dram shop on the same day. The jury found the defendant "guilty of selling or otherwise disposing of liquor on Sunday as charged in the information . . ." The court condemned the verdict, saying:

"It finds the defendant guilty of 'selling or otherwise disposing of liquor on Sunday.' The verdict in that form is not a finding that he sold whiskey on Sunday, or that he gave it away or otherwise disposed of it on Sunday; it is simply a verdict which says, 'We find the defendant guilty of either selling on Sunday or otherwise disposing of liquor' on that day, and leaves

it to a mere conjecture as to which act the defendant is found guilty of committing."

The distinction between that case and this one seems to us plain. Here the burden of the charge was that the appellant had possession of intoxicating liquor, and of this charge the jury found him guilty.

It would appear that the appellant had a fair trial and that the judgment should be affirmed. It is so ordered.

MAIN, C. J., FULLERTON, PEMBERTON, and MITCHELL, JJ., concur.