[No. 33672. Department Two. July 25, 1957.]

THE STATE OF WASHINGTON, *Respondent*, v. CLARENCE O. ALLGOOD, JR., *Appellant*.[1]

*Gleeson & Smith*, for appellant.

*John J. Lally* and *James P. Connelly*, for respondent.

FOSTER, J.—Appellant was convicted by a jury of first degree forgery and appeals from the judgment and sentence entered thereon. The information charged appellant with both making and uttering a forged check.

[1]Reported in 313 P. (2d) 695.

■ Six of a total of eight assignments of error are based upon appellant's claim that the information charges the commission of two separate crimes: that of making the forged instrument, and thereafter uttering it. The argument is that RCW 9.44.020 defines the crime of forgery itself, while RCW 9.44.060 defines the crime of uttering a forged instrument.

By a long line of decisions covering a period of fifty-five years, and recently reaffirmed in *State v. Morse*, 38 Wn. (2d) 927, 234 P. (2d) 478, this court has consistently held that the charge of making and uttering a forged check does not charge two separate crimes but merely two acts, either of which constitutes the single crime of forgery.

Proof of appellant's handwriting was required, for which purpose the names of his attorney, Clarence P. Smith, and a parole officer, A. J. Murphy, were endorsed on the information and called as witnesses. Timely motions were made to strike both names and were renewed during trial.

With respect to the parole officer, the argument is that the appellant was reporting to him in consequence of his conviction of another crime, and any cross-examination would reveal such fact to the jury; and further, that the documents on which appellant's signature appeared were on the counsel table in the presence of the jury, which might have enabled the jury to identify them. The only other factor is that some juror might know that the witness was a parole officer. Appellant argues that, because the witness had a common name, he would be forced to reveal his identity in the *voir dire* examination of prospective jurors, but that portion of the record is not brought here. However, the certified record is barren of any identification of the witness as a parole officer.

The complete answer to the argument is that Murphy was unable to recognize appellant's handwriting and was thereupon excused. At best, the claim is but a remote possibility. The trial judge was of the opinion that the jury could not identify documents on the counsel table, and this court cannot find otherwise.

■ Appellant's attorney, Clarence P. Smith, notarized appellant's affidavit which was admitted in evidence. Appellant asserts error in requiring his attorney to identify his signature so notarized. No privilege is claimed. His argument is: "It put the defendant's counsel in a ridiculous position, apparently in assisting the prosecution in convicting the very man he was employed to defend."

No authority is cited in support of the argument. In England and Canada and in many states (Annotation, 74 A.L.R. 771), an attorney of record is disqualified as a notary for his client in the cause, but the Washington legislature, however, has enacted otherwise. RCW 42.28.040, Rem. Rev. Stat., § 9902. Notaries are commissioned by the state and act under its franchise, and when so commissioned may not refuse to prove the authenticity of signatures so notarized.

No complaint is made that the evidence is not sufficient to justify the verdict, and we find no merit in the assignments of error.

The judgment is affirmed.

HILL, C. J., SCHWELLENBACH, DONWORTH, and ROSELLINI, JJ., concur.