[No. 36040.    Department One.    December 27, 1962.]

THE STATE OF WASHINGTON, *Respondent*, v. DOUGLAS
STILTNER, *Appellant*.*

*Walter E. Weeks, Jr.*, for appellant.

*Lincoln E. Shropshire* and *F. N. Halverson*, for respondent.

*Reported in 377 P. (2d) 252.

WEAVER, J.—Did the trial court err when it denied defendant the right to call the deputy prosecuting attorney as a defense witness?

Defendant was charged, tried, convicted, and sentenced for the crime of robbery. A codefendant was dismissed at the end of the state's case for want of identification.

The prosecuting witness, Harold Peden, was a reluctant one; so reluctant, in fact, that he was held in jail for 3 months prior to trial as a material witness.

The brief of defendant's court-appointed counsel poses the question above stated. Defendant, as was his right (see *State v. Mode,* 55 Wn. (2d) 706, 710, 349 P. (2d) 727 (1960)), filed a supplemental brief in which he assigns as error the alleged, unauthorized separation of the jury during trial.

Recently, we had occasion to explore the polymorphous problem of the use of trial counsel as a witness; the instant case presents one of the facets.

In *State v. Sullivan,* 60 Wn. (2d) 214, 218, 219, 373 P. (2d) 474 (1962), we said:

"The second facet of defense counsel's testimony presents a question that is not susceptible of categorical answer, but one that, on a retrial of this case, may be presented to the trial court.

" . . .

"We recognize, and do not wish to change or modify the rule that *a lawyer in a cause is not disqualified as a witness;* his testimony is admissible, if otherwise competent. *Ryan v. Ryan,* 48 Wn. (2d) 593, 599, 295 P. (2d) 1111 (1956)." (Italics ours.)

In *Sullivan* the prosecuting attorney called defense counsel as a witness. We pointed out that on at least two prior occasions this court recognized the right to do so. *State v. Cresto,* 130 Wash. 436, 227 Pac. 856 (1924); *State v. Allgood,* 50 Wn. (2d) 618, 313 P. (2d) 695 (1957).

We said:

"If defense counsel is required to testify under compulsion, it might well be that defendant's right to complete and unhampered representation is invaded. Balanced against

this, however, is the possibility that defense counsel's testimony is necessary to the state's case in the interest of justice and for the protection of the public."

The *Sullivan* case, *supra,* was reversed for three reasons: (1) wrongful admission of testimony that breached the statutory protection of privileged communication between client and lawyer (RCW 5.60.060); (2) wrongful admission of testimony that breached the statutory protection of privileged communication between attending physician and patient (RCW 5.60.060 (4); RCW 10.58.010; RCW 10.52.020); and (3) the possible deprivation of defendant's right to "complete and unhampered representation" by calling defense counsel as a prosecuting witness, especially in view of the fact that his admissible testimony was cumulative and repetitious. It was abundantly clear that the state could prove everything to which defense counsel testified by a multitude of other witnesses.

" . . . There must always be a sensitive balance between the right of the state to prove its case, in the best manner possible, and the right of the accused to have unhampered and effective representation, especially when on trial for his life." (*State v. Sullivan,* 60 Wn. (2d) 214, 221, 373 P. (2d) 474).

The right of the prosecutor to call defense counsel as a witness is within the broad discretion of the trial court; however, a weather eye must be kept on the constitutional rights of the defendant in a criminal trial at all times. See *State v. Sullivan, supra.*

Our problem is the other side of the *Sullivan* coin. The defense counsel called the trial prosecutor as a defense witness. Although neither counsel is rendered incompetent as a witness because of his participation in the trial, the right of one to call the other is not exactly a "two-way street" in view of defendant's constitutional rights. This does not mean, however, that defense counsel has an uncontrolled right to call the trial prosecutor to the stand.

We are aware of the defense ploy—albeit infrequent and not present in this case—of "trying the prosecutor"; it is

not our intent to place such a sword in the hand of defense counsel.

The defendant in a criminal trial has the right to prove his defense in the best manner available to him; the trial prosecutor is a competent witness; his testimony must be relevant and material to the theory of the defense; it must not be privileged, repetitious, or cumulative. See *State v. Lee,* 203 S. C. 536, 28 S. E. (2d) 402, 149 A. L. R. 1300 (1943) and annotation, "Competency of prosecuting attorney as a witness." 149 A. L. R. 1305. All this lies in the broad discretionary right of the trial judge to control the trial of the case.

■ We do not deem it an abuse of discretion for the trial court (in the absence of the jury) to require an explanation and an offer of proof from defense counsel. Both must be considered, however, in the light of the issues raised and the theory of the defense.

We turn now to the instant case, for each case involving this problem must turn upon its own facts.

Harold Peden, an itinerant fruit picker, living in a one-room cabin owned by the orchard company employing him, was slugged and robbed by two men about 10:30 one night while he was in bed. The light was not turned on in the cabin at the time of the robbery.

■ The crux of the case *at the time of trial* was Mr. Peden's identification of defendant, by the sound of his voice, as the man who robbed him. Without this testimony the balance of the record is meaningless; it neither adds nor detracts from defendant's innocence or guilt. Thus, Mr. Peden's credibility is brought into sharp focus.

Mr. Peden testified that he had been convicted of drunkenness in various places throughout the country. On one occasion, he testified he had known defendant "two or three weeks"; on another, that he had been in an automobile with defendant a "couple of months before"; that he had gone out "a couple of evenings with him [defendant]"; that while in jail, he had failed to identify defendant in a "line-up" as the man who had robbed him; that later,

he was placed in an interview room and told "that I would have a chance to see Stiltner [defendant]"; that Mr. Stiltner "stuck his head in the door and spoke"; that thereafter he was moved from the county to the city jail. When asked if he knew why he was moved from one jail to the other, he replied, "I assume, yes, that I couldn't be made contact with by the defendants." While in jail, Mr. Peden was not told that he might secure his release by posting bail. Defense counsel interviewed him only in the presence of the deputy prosecuting attorney.

The major argument of the state in its appellate brief (counsel for the state on appeal did not try the case) is that "the treatment of the *defendant* pending trial is irrelevant." This misses the point; the question is the effect of the state's treatment of the *prosecuting witness* while incarcerated. Although defense counsel's offer of proof is not a model, we believe it sufficient to apprise the court, when viewed in the glare of the only real issue disclosed by the record—the credibility of Mr. Peden and whether the state's treatment of him amounted to coercion or intimidation and thus affected his testimony.

Within the bounds of the rule as we have discussed it, and the theory of the defense, insofar as the facts are within his personal knowledge, we believe that the deputy prosecuting attorney was competent to testify. It was error to deny defendant's right to call him as a defense witness.

We do not reach defendant's second assignment of error —the separation of the jury without permission. We note, however, that the record before us does not contain the consent authorized by statute that the jury may separate during trial.[1]

The judgment is reversed with direction to grant defendant a new trial.

FINLEY, C. J., HILL, and ROSELLINI, JJ., concur.

---

[1]In oral argument before this court, counsel stated that defendant's petition for a writ of coram nobis—treated as a petition for writ of habeas corpus—based upon alleged separation of the jury, was denied by the trial court after hearing evidence in support of the writ.