**Antoine J. MAYFIELD, Jr., Plaintiff,**

v.

**Walter E. CRAVEN, Warden; Dr. David R. Rosendale, Chief Medical Officer; Dr. John Doe Owens; Dr. John Doe Young, of the Folsom State Prison, Represa, California, Defendants.**

**Civ. No. S–941.**

United States District Court
E. D. California.
April 7, 1969.

---

1. See The State of Maryland, 85 F.2d 944 (4th Cir. 1936).

Antoine J. Mayfield, Jr., in pro. per.

Daniel J. Kramer, Deputy Atty. Gen., Sacramento, Cal., for defendants.

## MEMORANDUM AND ORDER

HALBERT, District Judge.

Plaintiff, a California State prisoner, seeks damages from defendants under the Federal Civil Rights Act (Title 42 U.S.C. § 1981 et seq.).

Early in April, 1968, plaintiff suffered a fracture to the left side of his face. He was admitted to the prison infirmary for treatment. It is that treatment, extending from April 7, 1968, to May 16, 1968, that gave rise to this action. Plaintiff alleges that the impropriety and insufficiency of the treatment afforded him by the prison medical staff resulted in permanent disfiguration of his face and caused his vision to be impaired. Thus, plaintiff concludes, he was deprived of his "Constitutional Rights to Health and Happiness" and subjected to cruel and unusual punishment.

Defendants have moved for dismissal pursuant to Rule 12(b) of the Federal Rules of Civil Procedure and Title 28 U.S.C. § 1915(d).

There are certain circumstances under which the failure to provide medical care may rise to the constitutional proportions envisioned by the Civil Rights Act (See: Stiltner v. Rhay, 371 F.2d 420, 421; n. 3). Prevailing case law in the Ninth Circuit indicates that for those proportions to be reached the complaint must at a minimum allege: 1. An acute physical condition; 2. The urgent need for medical care; 3. The failure or refusal to provide it; and 4. Tangible residual injury (See: *Stiltner, supra*).

The dispute in this case involves the most controversial of the requirements, number 3. The question to be now resolved is: Did plaintiff plead facts sufficient to show a failure or refusal to provide medical care? I think he did not.

Plaintiff does not allege that he was turned away from the infirmary, nor does he allege that treatment was refused him upon admittance. In fact, it is clear from the complaint that plaintiff was x-rayed, ice-packed, examined by physicians and underwent surgery at the hands of an outside specialist. Plaintiff does complain of the nature and extent of the treatment afforded him. He asserts that he was not given adequate medication and that the deterioration in his appearance and eyesight was a result of the 11 day delay between his admittance to the infirmary and the operation.[1]

Stiltner v. Rhay, *supra,* at page 421, states plainly that the "nature and extent of medical treatment of prisoners" is subject to " 'wide discretion' necessarily vested in state prison authorities" (See also: Snow v. Gladden, 9 Cir., 338 F.2d 999). This case falls squarely within that statement. Plaintiff has not pleaded facts sufficient to justify the intervention of a Federal Court (See: United States ex rel. Lawrence v. Ragen, 7 Cir., 323 F.2d 410).

It should be noted parenthetically that in my opinion neither Stiltner v. Rhay nor the Federal Civil Rights Act empowers this Court to second guess a licensed physician as to the propriety of a particular course of medical treatment afforded a prisoner-patient in his care. Medical personnel may be liable for improper *non-medical* treatment of prisoners; or an unjustifiable refusal to provide medical care; or even for medical treatment when it is so obviously inadequate as to amount to a refusal of urgently needed care or so obviously improper as to evidence a design to aggravate the prisoner's condition, thereby reaching Fourteenth Amendment magnitude. Viewing plaintiff's complaint in the light most favorable to him, it does not reach this magnitude.

To state the issue succinctly, the Federal Civil Rights Act was designed to protect constitutionally guaranteed rights, not to provide a Federal forum for trial of actions for alleged medical malpractice. Since the complaint does not raise a justiciable Federal issue, defendants' motion to dismiss the action will be granted.

It is so ordered.

---

1. An interesting point, although not the basis for the decision here, is that plaintiff has relied on the affidavits submitted by defendants, including plaintiff's medical record, to show how poorly he was treated. As I read those affidavits they indicate a conscientious effort on the part of the doctors, and the hospital staff, to afford plaintiff adequate relief and make him as comfortable as possible.