Lula **HOPKINS**, Administrator of the Estate of Cedric Hopkins, Jr., deceased, Plaintiff,

v.

The **COUNTY OF COOK**, an Illinois municipal corporation; et al., Defendants.

No. 68 C 318.

United States District Court
N. D. Illinois, E. D.

Nov. 13, 1969.

Meyer and Irving H. Weinstein, Charles Liebman, Milton K. Joseph, Chicago, Ill., for plaintiff.

Raymond F. Simon, Corp. Council, Benjamin Novoselsky, Asst. Corp. Counsel, Chicago, Ill., for defendants City of Chicago and C. William Ruddell, Superintendent of the House of Correction.

Edward V. Hanrahan, State's Atty., Chicago, Ill., for all other defendants.

MEMORANDUM AND ORDER ON DEFENDANTS' MOTION FOR A DIRECTED VERDICT AT THE CLOSE OF PLAINTIFF'S CASE

ROBSON, District Judge.

The defendant moves this court for a directed verdict at the close of the plaintiff's case. For the reasons set forth below, this court is of the opinion that the motion should be granted.

The plaintiff, Lula Hopkins, is the administrator of the estate of her deceased son, Cedric Hopkins, Jr. The decedent was arrested on December 21, 1967, on a charge of parole violation. The uncontroverted evidence indicates that the decedent was an alcoholic and was under the influence of alcohol when arrested. The decedent was taken to the House of Correction on December 22, 1967, where he visited the Cermack

Memorial Hospital on four occasions over a three-day period. The uncontroverted evidence shows that the decedent was examined twice by a doctor on December 22, 1967, and once on both December 23 and December 24. His illness was diagnosed as alcoholic withdrawal and chronic asthma. He was given medication twice daily for these ailments until, on December 26, 1967, he was taken to court for a hearing on the charge of parole violation. Later that day, December 26, he was sent to the Cook County Jail under a one-year sentence. It is further uncontroverted that upon admission to the County Jail, the decedent was given a medical examination by a staff physician, Dr. Allen Hester. He was also given a chest X-ray which, when later interpreted by a radiologist, did not indicate any heart or lung disease. Dr. Hester diagnosed the decedent to be suffering from a chronic alcoholism syndrome. Hopkins was sent to the jail infirmary for the night instead of to a cell. The next morning, December 27, 1967, the decedent was examined by a staff physician who immediately sent him to the Cook County Hospital. There, he was pronounced dead on arrival. The cause of death was determined to be acute pneumonitis, a type of lung inflammation.

■■■ The jurisdiction of this court is invoked under the Civil Rights Act, 42 U.S.C. § 1983. To sustain a claim under the Civil Rights Act, the plaintiff must show the violation of a constitutional right perpetrated under the color of state law. Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945); Ruark v. Schooley, 211 F.Supp. 921 (D.Colo.1962). This the plaintiff has failed to do. The plaintiff has failed to produce any evidence that the decedent was abused, mistreated or denied medical attention while he was in the custody of the defendants.[1] The evidence, viewed in a light most favorable to the plaintiff for purposes of this motion, discloses at most that the medical attention he received could or might have been negligently administered. Negligence is not actionable under the Federal Civil Rights Act. Allegations of improper or insufficient medical treatment do not state a constitutional claim. United States ex rel. Lawrence v. Ragen, 323 F.2d 410 (7th Cir. 1963); Mayfield v. Craven, et al., 299 F.Supp. 1111 (E.D.Cal.1969). The plaintiff admits that the decedent received medical care and attention on a number of occasions during his short period of incarceration. It is not contended that the decedent was denied any request for medical care. The plaintiff's evidence therefore charges the defendants with tortious conduct in failing to correctly diagnose the decedent's diseased condition. This allegation, if taken as true, does not state a deprivation of a constitutionally guaranteed right. United States ex rel. Gittlemacker v. Commonwealth of Pennsylvania, 281 F.Supp. 175 (E.D.Pa.1968); Henderson v. Pate, 409 F.2d 507 (7th Cir. 1969). See also Coppinger v. Townsend, et al., 398 F.2d 392 (10th Cir. 1968); United States ex rel. Lawrence v. Ragen, *supra*.

■■■ A motion to dismiss was earlier denied by this court on the ground that the complaint alleges malicious and willful misconduct by the defendants in denying and failing to provide the decedent with medical care. No evidence has been offered by the plaintiff in support of this allegation. It is an abuse of the Civil Rights Act to characterize a charge of negligence or malpractice, properly questions of state law, as a violation of constitutional rights.

It is therefore ordered that the defendants' motion for a directed verdict be, and it is hereby granted, and the cause is hereby dismissed.

---

1. The defendants which are municipal corporations were previously dismissed as improper parties.