**Collette PINON, Special Administratrix for the Estate of Larry Crape, Plaintiff,**

v.

**STATE OF WISCONSIN et al., Defendants.**

No. 73-C-76.

United States District Court, E. D. Wisconsin.

Nov. 19, 1973.

Jacobson, Sodas & Melnick by David A. Melnick, Milwaukee, Wis., for plaintiff.

Robert W. Warren, Atty. Gen. of Wis. by Mary V. Bowman, Asst. Atty. Gen., Madison, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This matter is before me on the defendants' motion to dismiss the causes of action contained in the instant complaint. The plaintiff, Collette Pinon, seeks damages for the death of her son, Larry Crape, who died while he was an inmate at the Fox Lake Correctional Institution; she claims that he was deprived of needed medical care. Her first cause of action is grounded upon

the Civil Rights Act, 42 U.S.C. § 1983; a second, pendent jurisdiction claim, is based upon the Wisconsin wrongful death statute, § 895.43, Wis.Stats. (1971).

The plaintiff claims that Larry Crape suffered from a serious asthmatic condition, and that he was in need of urgent medical attention on many occasions during the period of his incarceration at Fox Lake. She alleges that in June and July of 1972, Larry Crape asked in vain for more adequate treatment and that he be taken to Wisconsin General Hospital. His subsequent complaints to a registered nurse at Fox Lake concerning his breathing difficulty were virtually ignored, according to the complaint, and he was denied the oxygen and other necessary medical care which he requested. Larry Crape died on July 23, 1972.

The defendants include the Fox Lake medical director and the registered nurse, as well as the State of Wisconsin and the warden at Fox Lake. They contend that the instant complaint is deficient for the following reasons: 1) it does not allege the deprivation of constitutional rights; 2) it does not state a cause of action against the warden; 3) the state is immune from suit; and 4) pendent jurisdiction is improperly invoked. The parties' positions have been fully briefed. I conclude that the defendants' motion to dismiss should be granted in part and denied in part.

### I

A prisoner's allegations of aggravated medical malpractice have been held to state a claim cognizable under the Civil Rights Act; thus, it has been held that if "the treatment or lack of treatment is such that it amounts to indifference or intentional mistreatment, it violates the prisoner's constitutional guarantees." Sawyer v. Sigler, 320 F.Supp. 690, 696 (D.Neb.1970). The court in Davis v. Schmidt, 57 F.R.D. 37, 41 (W.D.Wis. 1972), also addressed itself to the law applicable in the medical treatment cases, stating:

> "It is well-settled that intentional deprivation of essential medical care is actionable under 42 U.S.C. § 1983. . . . However, a difference of opinion between physician and patient concerning the adequacy of medical treatment actually provided does not give rise to a constitutional claim under § 1983."

See also Martinez v. Mancusi, 443 F.2d 921 (2d Cir. 1970), cert. den. 401 U.S. 983, 91 S.Ct. 1202, 28 L.Ed.2d 335 (1971).

While courts generally refuse to second-guess the professional judgment of physicians who actually treat inmates, it is clear that allegations of what amounts to the total deprivation of needed medical care state an actionable claim under § 1983; such allegations are sufficient to withstand a motion to dismiss and require an answer on the merits. I find that, consistent with the approach taken by the court in Mayfield v. Craven, 299 F.Supp. 1111, 1112 (E.D. Cal.1969), aff'd 433 F.2d 873 (9th Cir. 1970), the plaintiff Pinon has competently averred the existence of each of the following:

> "1. An acute physical condition; 2. The urgent need for medical care; 3. The failure or refusal to provide it; and 4. Tangible residual injury."

I conclude, therefore, that the first cause of action contained in the instant complaint sufficiently alleges the deprivation of constitutional rights and states a claim under § 1983.

### II

While the defendant, John R. Gagnon, is the warden of the institution at Fox Lake, the operation of its medical program is entrusted to a licensed and practicing physician and other medical personnel. It is not claimed that Mr. Gagnon himself had specific knowledge of the alleged denial of medical care to

Larry Crape. Since no affirmative act by the defendant Gagnon, nor any specific breach of a duty owed by him to Mr. Crape is alleged in the complaint, no cause of action sounding in intentional tort lies as against him.

The idea that the doctrine of *respondeat superior* applies with respect to claims for money damages under the provisions of the Civil Rights Act was resolved adversely to this plaintiff in Adams v. Pate, 445 F.2d 105 (7th Cir. 1971). Under these circumstances I conclude that the instant complaint should be dismissed as against the defendant, John R. Gagnon.

### III

■ To the extent that there is here involved a suit by a citizen of Wisconsin against the state of Wisconsin, the eleventh amendment clearly denies to this court the authority to entertain it. While officials of the state are not immune from actions brought pursuant to the Civil Rights Act, the state itself can escape actions prosecuted thereunder by asserting sovereign immunity. See Williams v. Eaton, 443 F.2d 422 (10th Cir. 1971). See also Monroe v. Pape, 365 U. S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). The instant complaint must, therefore, be dismissed as against the state of Wisconsin.

### IV

The plaintiff requests this court to exercise pendent jurisdiction over her second claim, which is based upon the Wisconsin wrongful death statute, § 895.43, Wis.Stats. (1971).

■ As noted, in order to reach constitutional dimensions, the deprivation of medical care must be intentional, so inadequate as to amount to a refusal of medical care, or based upon a "deliberate indifference" to the patient's condition. See Martinez v. Mancusi, 443 F.2d 921 (2d Cir. 1970), cert. den. 401 U.S. 983, 91 S.Ct. 1202, 28 L.Ed.2d 335 (1971); Mayfield v. Craven, 299 F. Supp. 1111 (E.D.Cal.1969), aff'd 433 F. 2d 873 (9th Cir. 1970). On the other hand, the state wrongful death statute contemplates a somewhat broader test for liability.

If the trier of fact in this case should find an unconstitutional deprivation of medical care, it has only to go one step further, for purposes of the wrongful death aspect of this suit, and determine whether this caused the death of Larry Crape.

■ It is true that a cause of action for wrongful death could be based on a showing of simple negligence although a more stringent standard for liability is applicable in the first cause of action. Should the facts adduced at trial fail to demonstrate an unconstitutional deprivation of medical care, those same facts may then be measured as against the lesser standard of liability applicable under the state wrongful death act. The pendent claim thus provides a second test for liability against which that factual pattern is entitled to be measured.

■ With regard to the propriety of including certain of the named defendants to this action, two observations are in order. First, it is clear that the state of Wisconsin may not be sued by a citizen under § 895.43, Wis.Stats. (1971). See Townsend v. Wisconsin Desert Horse Assoc., 42 Wis.2d 414, 167 N.W.2d 425 (1968). Secondly, whether the pendent claim of the plaintiff sufficiently states a cause of action as against Mr. Gagnon will again turn on whether he is alleged to have had specific knowledge of Mr. Crape's medical care. The complaint is devoid of any such allegation. It follows, therefore, that the instant complaint should be dismissed as against the state of Wisconsin and against Mr. Gagnon with regard to both causes of action alleged in the instant complaint.