**Larry Junior WARD, Plaintiff,**

v.

**Gene M. JOHNSON et al., Defendants.**

**Civ. A. No. CA 77–0442–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Oct. 12, 1977.

Larry Junior Ward, pro se.

Guy W. Horsley, Jr., Asst. Atty. Gen., Richmond, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

Plaintiff, a state prisoner, brings this action under 42 U.S.C. § 1983, challenging various aspects of his confinement. Defendant Johnson is Superintendent of the Mecklenburg Correctional Center of the Virginia Department of Corrections. Jurisdiction is attained pursuant to 28 U.S.C. § 1343.

The matter comes before the Court on defendants' motion for summary judgment, and affidavits filed therewith. Plaintiff was notified of his right to submit counter affidavits but has failed to do so, stating in a written communication to the Court by way of affidavit, that he is unable to respond to defendants' motion for summary judgment by reason of being forced to take medication which he contends adversely affects his thought process. Additionally, he seeks appointment of counsel. On the basis of plaintiff's motion for appointment of counsel and his affidavit, both of which are well written and evidence a clear and competent thought process (in that plaintiff was even able to state the dates on which he had received specific medication), the Court concludes that his excuse for not submitting counter affidavits is frivolous. The Court will therefore consider the matter on the current state of the pleadings.

The plaintiff alleges: (1) he was unjustly transferred from one state prison to another; (2) his transfer was accomplished without the approval of the Central Classification Board; (3) his personal property was sent to his home and he had to purchase similar items from the prison commissary; (4) he was defamed by a correctional officer; (5) he was threatened by a correctional

officer; (6) he was denied access to legal assistance; and (7) he is not receiving adequate medical care.

■ Plaintiff's first five claims do not state any claim cognizable in Federal Court. The states, not the federal courts, are the supervisors of state prisons, *Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976), and a federal court will intervene only to protect constitutional interests. *Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). Plaintiff's complaints about his transfer do not rise to this level. *See Meachum v. Fano, supra; Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976) (even if a transfer be in fact punitive, a prisoner is not constitutionally entitled to a hearing unless state law or practice requires that such transfers be made only upon proof of misconduct); *Bratten v. Davis*, 538 F.2d 323 (4th Cir. 1976) (Under Virginia law, prisoners have no liberty interest in remaining in a particular prison); Code of Virginia, § 53–19.17 (1974). The plaintiff's allegation that certain property was ultimately confiscated and sent to his home is similarly not suitable for consideration by this Court. *See generally Breeden v. Jackson*, 457 F.2d 578, 581 (4th Cir. 1972). Plaintiff's allegations of defamation and verbal abuse do not state a claim of constitutional dimensions. *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); *Collins v. Haga*, 373 F.Supp. 923 (W.D.Va.1974). It follows, therefore, that summary judgment will be entered for defendants as to each of the foregoing claims.

■ Plaintiff's allegation of denial of access to legal assistance does raise an issue of constitutional significance. *Kirby v. Blackledge*, 530 F.2d 583 (4th Cir. 1976). In an uncontroverted affidavit, Sgt. Fuller, who is the person plaintiff alleges deprived him of his right to legal assistance, has sworn that no such denial occurred, explaining that use of the prison law library is permitted on a first come, first served basis.

Plaintiff's claim in this regard must also fail.

■ Lastly, plaintiff asserts that he is an epileptic, and has not received proper supervision or treatment for his illness. This claim, too, merits careful scrutiny, as a denial of proper medical care may well result in cruel and unusual punishment in contravention of the Eighth Amendment of the Constitution of the United States. *Russell v. Sheffer*, 528 F.2d 317 (4th Cir. 1975). However, questions of medical judgment are not subject to judicial review, *id.*, and the prisoner cannot be the ultimate judge of what medical treatment is necessary and appropriate. *Stiltner v. Rhay*, 371 F.2d 420 (9th Cir.), *cert. denied*, 386 U.S. 997, 87 S.Ct. 1318, 18 L.Ed.2d 346 (1967). The Court must place its confidence in the judgment of reputable prison physicians as to what medical care is appropriate.

The physician who has treated plaintiff asserts in his affidavit, which is unrefuted, that plaintiff is receiving adequate treatment for his illness, including daily doses of an anticonvulsant drug. Plaintiff admits that he was given such medication in his affidavit requesting assistance of an attorney. The Court concludes that no material facts are in dispute, and summary judgment as to this latter claim will also be entered for the defendants.

An appropriate order will issue.