WRIGHT, Presiding Judge.
This is a paternity case.
Mary Stallworth gave birth to an illegitimate child and assigned her rights to child support to the State Department of Pensions and Security pursuant to 42 U.S.C.A. § 602(a)(26). DPS filed suit against Willie Earl King alleging him to be the child’s father and seeking support payments on behalf of the child. The case against King was dismissed without prejudice in the Juvenile Division of the Mobile County Circuit Court. The State, ex rel Mary Stallworth, appealed to the circuit court for trial de novo.
After trial, the court, sitting without a jury, found King to be the father of the child and ordered support payments of $50 bi-weekly. King’s motion for new trial was denied and he appeals.
Appellant raises two issues. The first arose out of the following sequence of events:
Mary Stallworth, the mother, along with one other witness, testified on behalf of the State. After the State rested, Willie Earl King testified on his own behalf. Defendant then attempted to call Tom Wright, the assistant district attorney prosecuting the case, to testify. Wright objected to being called. The court sustained the objection. Defendant explained that he intended to call Wright for the purpose of impeaching the testimony of the mother. The court again sustained. No other witnesses were called on behalf of the defendant. At issue is the propriety of the trial court’s sustaining the prosecuting attorney’s objection to being called as a witness for the purpose of impeaching the mother.
While there is little authority on the matter in Alabama, we have found, as a general rule, that the trial court has wide discretion respecting the calling and examination of witnesses; that whether the defendant in a particular case should be allowed to call a prosecuting attorney to the stand is a matter largely within the discretion of the trial court. Gajewski v. United States, 321 F.2d .261 (8th Cir. 1963), cert. denied, 375 U.S. 968, 84 S.Ct. 486, 11 L.Ed.2d 416 (1964); Maund v. State, 254 Ala. 452, 48 So.2d 553 (1950); State v. Stiltner, 61 Wash.2d 102, 377 P.2d 252 (1962), cert. denied, 380 U.S. 924, 85 S.Ct. 928, 13 L.Ed.2d 810 (1965).
It is our experience that courts have generally been, and should always be, we think, especially reluctant to allow lawyers, including prosecuting attorneys, to be called as witnesses in trials in which they are *517 advocates. Though an attorney is not rendered incompetent as a witness by virtue of his advocate’s role,[1] his competence does not lend itself to making the attorney automatically available as a witness at the request of a party to the proceedings. See, State v. Stiltner, supra. It is our view, reinforced by the cases cited above, that the circumstances of the particular case must be such that a compelling reason exists for using an attorney to attempt impeachment of the party he is representing. The trial court should have broad discretion in determining whether such circumstances exist. We find noteworthy the ease of People v. Nelson, 89 Ill.App.2d 84, 233 N.E.2d 64 (1967).
In Nelson, as in the instant ease, the defendant’s counsel sought to call as a witness the State attorney prosecuting the case for the purpose of impeaching certain witnesses. Stating that the propriety of such a move is for the discretion of the trial court, and noting that defense counsel neither demonstrated the necessity of calling the State’s attorney nor indicated the nature of the impeachment hoped to be accomplished, the trial court’s not allowing the attorney to be called was affirmed.
In this case, appellant’s trial counsel apprised the court that he was calling the prosecuting attorney for impeachment purposes. The nature of the impeachment hoped to be accomplished, though stated in brief to be through showing prior inconsistent statements of the mother at a previous hearing in the ease, was not disclosed. (We note that the questions appellant states would have been asked would not have been relevant to the issue of paternity in this case, but would have been, if at all, only for impeachment purposes. In addition, our review of the record does not convince us that the proper foundation for impeachment was laid; i.e., it is unclear whether the responses made by the mother to questions at trial would have been inconsistent with those given at any prior hearing.) Likewise, at trial, no demonstration of the necessity of calling the attorney was made by appellant. No “showing” was offered. Appellant merely stated that “Mr. Wright needs to testify.” Rule 43(c), A.R.C.P. Neither is the necessity of having Wright called as a witness evident from the record.
Under these circumstances we cannot say the trial court abused its discretion in not allowing the prosecuting attorney to be called as a witness.
The remaining issue, as stated by appellant, is whether the “judgment of the circuit court was contrary to the weight of the evidence.” The ore tenus rule is applicable in this case. The judgment is accorded a presumption of correctness and will not be reversed if supported by legal evidence and not plainly and palpably wrong. Walton v. Walton, 387 So.2d 847 (Ala.Civ.App.1980); Walker v. Dancer, 386 So.2d 475 (Ala.Civ.App.1980). Our review of the record indicates evidence supportive of the trial court’s judgment. The evidence was conflicting in many respects and those conflicts were for the court to resolve. Tucker v. Garrett, 361 So.2d 374 (Ala.Civ.App.1978). This it did. We find no abuse of discretion in the court’s judgment.
The case is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.

. See, § 12-21-161, Code of Alabama (1975)