**Frankie Xavier MILLER, Plaintiff,**

v.

**R. LANDON; Alan H. Brittle; and W. Alvin Hudson, Sheriff, Defendants.**

**Civ. A. No. 82–0147–R.**

United States District Court,
W. D. Virginia,
Roanoke Division.

May 27, 1982.

Frankie X. Miller, pro se.

James Moore, Asst. Atty. Gen., Richmond, Va., Robert Rider, Roanoke, Va., for defendants.

## MEMORANDUM OPINION

TURK, Chief Judge.

Frankie Xavier Miller, currently incarcerated at the Powhatan Correctional Unit, filed this complaint *in forma pauperis* and *pro se* under the Civil Rights Act, 42 U.S.C. § 1983 while an inmate at the Roanoke City Jail. Jurisdiction is conferred on this court by virtue of 28 U.S.C. § 1343(3) and (4).

Plaintiff's complaint arises from his incarceration at the Roanoke City Jail pending transfer into the state correctional system. Plaintiff contends that he was placed in the Roanoke City Jail on January 20, 1981, and tried on charges on November 26, 1981. At that time, he was found guilty and a presentence report was prepared. The Court sentenced plaintiff to the Virginia penal system on January 5, 1982. Plaintiff complains he still remains in the jail as of February 25, 1982, thereby foregoing any opportunities for rehabilitation offered in the state correctional system. Plaintiff also complains of the delay in transferring him from the jail to the state correctional system.

As relief, plaintiff seeks a transfer to the state correctional system as soon as possible and $10,000 in punitive damages.

Defendants responded to plaintiff's allegation with a Motion for Summary Judgment. In support of the Motion, affidavits from the Acting Director of the Virginia Department of Corrections and the Sheriff of the Roanoke City Jail.

The Court notified plaintiff of defendants' Motion and gave him fifteen days to submit counter-affidavits or relevant evidence contradicting, explaining, or avoiding defendants' evidence. The notice warned that failure of the plaintiff to respond may, if appropriate, result in summary judgment being granted for defendant. Plaintiff did not respond.

The action is now before the Court on defendants' Motion for Summary Judgment.

The gravamen of plaintiff's complaint is the delay in his transfer from the Roanoke City Jail to the state correctional system.[1] Virginia law provides that "Every person sentenced by a court to confinement in the State penal system shall, as soon as space is available and transportation capabilities permit, be conveyed to the custody of the Director of the Department of Corrections... The Director shall use his judgment in determining, on a relative need basis, which jails or lockups shall be given relief first in matters pertaining to the transportation of prisoners." Va.Code § 53–21.1 (1978 Repl.Vol.).

The statute makes clear that there is no set time limit within which the prisoner who has been sentenced to the State penal system must be transferred from a jail to the state system. However, the transfer cannot precede a determination that space is available and transportation facilities permit the transfer. Whether space is available is again a determination that is made by the Director within the limits of the law. Although the Director has control over the transfer process, state law restricts this control. Va.Code § 19.2–310 provides that the transfer of prisoners to the receiving units of the state penal system shall be regulated so as not to exceed the maximum capacity of the units. The statute empowers the Director of the Department of Corrections (or his designee) to allocate space available in the receiving units by giving first priority to the transportation of those persons held in jail who in the opinion of the Director (or his designee) require immediate transportation.

The Director, pursuant to the statute, established a priority system in which inmates from jails would be transferred to the state correctional system. The priority system allocates the following categories in the order of most likely to be immediately transferred to the least likely: (a) major medical problems; (b) individuals creating custodial problems for themselves or employees of the jail; (c) inmates nearing initial parole eligibility; (d) felons identified for extradition; (e) prisoners incarcerated in overcrowded jails which cannot receive relief intrajail transfers; and (f) felons with the longest time physically spent in jail.

It is clear from the above statute and priority system established pursuant to the statute that Virginia has not provided those inmates who are awaiting transfer from jail to the state system with an interest that is protected by the Constitution. The transfer is within the discretion of the Director of the Department of Corrections, taking into consideration the space available in the units, the transportation required, and the categories within the priority system. This is in line with court decisions that hold that an inmate does not have any reasonable expectation of being assigned to a particular prison, *Peterson v. Davis*, 421 F.Supp. 1220 (E.D.Va.1976), *aff'd*, 562 F.2d 48 (4th Cir. 1977), or remaining at a particular institution. *Ward v. Johnson*, 437 F.Supp. 1053 (E.D.Va.1977). Accordingly, plaintiff's allegation cannot withstand defendants' Motion for Summary Judgment.

---

1. Plaintiff has since been transferred into the state correctional system. As such, his request for transfer is now moot; however, his request for monetary damages survives. *See Mawhinney v. Henderson*, 542 F.2d 1 (2nd Cir. 1976).

Plaintiff also alleges that the delay in the transfer from the jail to the state system causes him to forego opportunities for rehabilitation. As there is no general constitutional right to rehabilitation, *Bowring v. Godwin*, 551 F.2d 44, 48 n.2 (4th Cir. 1977), plaintiff again fails to state a claim that can withstand defendants' Motion for Summary Judgment.

Accordingly, defendants' Motion for Summary Judgment shall be granted in an order to be entered this day. The clerk is directed to send a certified copy of this Memorandum Opinion to plaintiff and to counsel of record for defendants.