HOLMES, Judge.
This is a paternity case.
The defendant, through able counsel, appeals from an order entered after an ore tenus hearing which found defendant to be the father of the child.
We do not deem it necessary to detail the facts of the instant case. The pertinent facts are as follows:
The mother gave birth to an illegitimate child on April 4, 1980. Appellant was charged with being the father of the child, and an ore tenus hearing was held on June 11, 1982. The appellant was found to be the father of said child and ordered to pay $25 per week for the care of the child in addition to all hospital and medical expenses.
The sole issue presented for review is whether the trial court was plainly and palpably wrong in deciding that appellant was the father.
It is firmly established that a judgment in a paternity case is accorded a presumption of correctness and will not be reversed if supported by legal evidence and not plainly and palpably wrong. King v. State, ex rel. Stallworth, 408 So.2d 515 (Ala.Civ.App.1981), cert. denied, 408 So.2d 517 (Ala.1982); Chew v. State, 394 So.2d 64 (Ala.Civ.App.1981). Our review of the record indicates evidence that supports the trial court’s determination.
The only witnesses to testify were the mother, appellant, and the maternal grandmother. The mother testified that she had sexual relations with the appellant frequently during the relevant time period. She further stated that appellant was the only man that she dated or went out with during that period. Additionally, the mother testified that upon learning she was pregnant, she informed appellant and he gave her $200 for medical expenses. When the mother did not use the money as the appellant had intended, he told her to keep it “for the baby.”
The maternal grandmother testified that the mother resided and continues to reside at the grandmother’s home. The grandmother testified that appellant was a long time friend of the family, that he frequently came to the house during the time in question; and that the mother and appellant would leave in his automobile and stay gone for two to three hours at a time. The grandmother also testified appellant was the only man that her daughter went out with during the relevant time period.
Appellant denied ever going anywhere alone with the mother and denied ever having sexual relations with the mother.
In addition, there is some contention concerning certain “physical” evidence presented at trial. The record indicates that the trial court took this evidence into consideration and weighed it along with other evidence presented.
As seen from the foregoing, the evidence was conflicting in many respects. It was the trial court’s responsibility to resolve those conflicts. Given the presumption of correctness afforded the trial court, we cannot say that the court erred to reversal. There was legal evidence supportive of the *794 trial court’s actions. Accordingly, this case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.