298 So.2d 639

**William Eugene SINGLETON**

v.

**STATE.**

**7 Div. 247.**

Court of Criminal Appeals of Alabama.

June 25, 1974.

Rehearing Denied July 16, 1974.

Hank Fannin, Talladega, for appellant.

William J. Baxley, Atty. Gen., Montgomery, and Alston Keith, Jr., Sp. Asst. Atty. Gen., Selma, for the State.

SIMMONS, Supernumerary Circuit Judge.

Appellant-defendant, who, here and in the trial court, was not indigent, appeals from a judgment of conviction of grand larceny. The court imposed a penitentiary sentence of five years. There was no allocutus shown in the record.

The indictment, containing only one count, charged that the defendant feloniously took and carried away, to-wit, $620.-00 (the money was described) the personal property of N. L. Campbell and Sons, Inc., a corporation.

We think the uncontradicted evidence sustains the theft as alleged. The evidence as to the guilt of the defendant is circumstantial and contradictory. The issue of guilt vel non of the defendant, based on his plea of not guilty, was submitted to the jury. The jury's verdict was adverse to the defendant's alibi.

It appears from the evidence that one Sheriff B. Calhoun (not an officer) was an employee of the corporation engaged in route service. It was his duty inter alia to deliver the company's oil products to the customers and collect therefor. He had in possession the money alleged in the indictment along with a batch of checks. The money and checks were in the company's van delivery truck, and the doors were locked and the vent windows closed when it was parked at M & M Grocery Store on the outskirts of Talladega, Alabama. While Mr. Calhoun was in the store counting money which he was collecting, someone prized open the vent window of the truck, which was parked on the side of the store. When the employee, Mr. Calhoun, went to his truck, he learned of the theft. Mr. Calhoun testified that the money and checks were in the van or truck when he parked it and went into the store.

The presence of the defendant at the time and scene of the theft and his connection therewith were largely supported by the testimony of William Mitchell, who, theretofore, had been convicted of two or three burglary charges. Mrs. Jo Neal Mitchell, the wife of the witness Mitchell, also testified for the state.

The truck or van driver, Sheriff B. Calhoun, testified as to his collection itinerary on the day of the theft, his stops, and the arrival and time he spent at each in pursuit of his duties. We omit details of these several stops so far as they are not pertinent to this opinion.

William Mitchell testified that on April 7, 1972, the day of the theft, he had occasion to go to Billy Sharp's service station about eleven o'clock a. m. He went there alone in his white Cadillac automobile. Sheriff B. Calhoun, later identified to the witness, was at the Sharp service station in the van truck. Billy Sharp, who operated the service station along with his mother,

took some dents out of the Cadillac using a mechanical device. The witness, Mitchell, testified that he saw a reddish-orange 1956 Chevrolet parked at the store; that he had seen the defendant driving the Chevrolet before that time.

The witness, Mitchell, further testified that Singleton and Sharp, both being present at the time, importuned him to help them get $4,000.00 which was lying on the floor of the van truck. Both Singleton and Sharp were doing the talking, "and that was what they said." The witness declined to help. He told them that he had a burglary charge coming up, and he did not want to get involved in robbing the van truck.

When the van pulled out Singleton and Sharp, according to Mitchell, followed the van. Both Singleton and Sharp left in the Chevrolet. The van left about 11:30 or a quarter to 12:00. The witness then went down to T. J. Moore's service station.

The witness testified that after getting gas at T. J. Moore's, he started home. He detailed his route home. He went in M & M Grocery and purchased a penny's worth of bubble gum. He testified that he saw the man who ran the place and also the "gas fellow" counting money. He testified the reason that he went to the M & M Grocery was " * * * to see—I knew they were going to get that money, and I went in there to see if they had gotten it." The witness next went out the front door and walked up the street and got in his car. When he reached a certain stop sign, after turning, he saw Billy Sharp and the defendant sitting in the Chevrolet, right behind a pile of blocks. The witness then went to his upper story apartment where he could observe Sharp and the defendant. He first observed them through a bathroom window, and then he moved to a window in the kitchen. We might state here, parenthetically, that a blackboard with diagrams was used at the trial and much of the testimony was presented by pointing to various drawings on the blackboard. We could not follow the diagrams or tell what the witnesses were pointing to. It seems that the witness lost view of Singleton and Sharp because of some obstructions; that both Singleton and Sharp were running. The witness testified that he could see the truck or van. Both Singleton and Sharp went to the truck; he lost them for a minute but both came back running; they were at the truck three or four minutes.

The witness left his apartment to go to his mother's. As he went up Lincoln Highway, Sharp and the defendant were pulling in at Sharp's store. The defendant let Sharp out at the store.

Mrs. Jo Neal Mitchell, the wife of William Mitchell, testified about her presence at the bathroom and kitchen windows in her home at which time she joined her husband in viewing the defendant and Billy Sharp, who were visible in a Chevrolet that was parked near the scene of the robbery. Mrs. Mitchell's testimony coincided with that of her husband. There was not much variance.

However, she further testified that on a later occasion after the robbery, as she was walking along the road late at night after visiting her husband, who was in jail, the defendant and another person drove up in an automobile and stopped; that the defendant proposed to pay her and all her expenses if she would leave and not testify against them. She rejected the proposal. The money and missing checks, so far as this record indicates, were never recovered.

The defendant denied on the witness stand that he committed the theft or had anything to do with it. He contended that he was at his place of abode in the home of Billy Sharp's mother, located behind the Sharp store, asleep at the time. He offered some witnesses to support this alibi.

The trial court gave a comprehensive oral charge that covered the law relating to the allegations of the indictment, and also the statutory rules with respect to the status of an accomplice. Title 14, § 14, Recompiled Code 1958.

The trial court, when the state rested, overruled the defendant's timely motion to exclude the evidence.

 There was no error in the court's denial of the motion to exclude. The evidence presented a factual issue under the indictment and defendant's plea of not guilty. Under the evidence, the jury could draw an inference that the defendant committed the crime. The state put on sufficient evidence which, if believed by the jury, constituted a prima facie case. Randolph v. State, 100 Ala. 139, 14 So. 792(2).

There were no given or refused written charges for either the state or the defendant. No charges were in the record. There was no motion for a new trial. We fail to find any error in the several rulings of the court on the admissibility of the evidence.

In a companion case, Billy Sharpe was implicated in the instant theft, was indicted and convicted. Sharpe appealed. We affirmed on December 4, 1973. Sharpe v. State, 51 Ala.App. 534, 287 So.2d 245.

The foregoing opinion was prepared by the Hon. Bowen W. Simmons, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Affirmed.

ALMON, TYSON, HARRIS and De-CARLO, JJ., concur.

CATES, P. J., not sitting.

## ON REHEARING

SIMMONS, Supernumerary Circuit Judge.

 The testimony relative to a conversation the witness, Mrs. Jo Neal Mitchell, had with Billy Sharp, in which she importuned Sharp to get a bond for her husband, William Mitchell, who was in jail, and Sharp's promise to do so, was admitted over the objection of the defendant that it was hearsay evidence.

Later in the trial, all of it was excluded and the trial court took particular pains to poll the jury, each of whom indicated that he could exclude the evidence from his mind.

We think such action of the court was reasonably calculated to impress the jury that the evidence was not to be considered. We hold that the error was harmless beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed. 2d 705; Adair v. State, Ala.App., 288 So. 2d 187.

The application for rehearing is overruled.

The foregoing was prepared by the Honorable Bowen W. Simmons, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Opinion extended; application for rehearing overruled.

ALMON, TYSON and HARRIS, JJ., concur.