424 So.2d 1345 (1982)
David Lee WALDROP
v.
STATE.
1 Div. 286.
Court of Criminal Appeals of Alabama.
October 12, 1982.
As Corrected on Denial of Rehearing November 23, 1982.
Certiorari Denied January 28, 1983
*1346 Thomas M. Haas and James M. Byrd, Mobile, for appellant.
Charles A. Graddick, Atty. Gen., and Edward E. Carnes and William D. Little, Asst. Attys. Gen., for the State.
Alabama Supreme Court 82-226 and 82-227.
BOWEN, Judge.
On the afternoon of July 11, 1977, Richard Hacker, Assistant Manager of Delchamps Store No. 10, and Terry Stainback, a part-time cashier, left the store with the afternoon bank deposit. Thirteen days later their bodies were discovered in a wooded area in west Mobile County. Each victim died from a shotgun wound to the head. In May of 1980, the defendant was indicted for the capital offenses involved in this double murder and robbery. Alabama Code 1975, Sections 13-11-2(a)(2) and (10). A jury found the defendant "guilty of the capital felony as set out in the indictment." After a sentencing hearing the jury fixed the punishment at life imprisonment without parole. The trial and all proceedings were conducted in accordance with Beck v. State, 396 So.2d 645 (Ala.1981). This case must be reversed because the district attorney was not only the prosecutor but the State's main witness against the defendant.

I
The district attorney testified as a witness at the defendant's trial to a confession and written statement made by the defendant following his arrest. Under the State's evidence, the district attorney was the State's principal witness. However, there was at least one other witness who could have testified to the statement the defendant made to the district attorney.
The propriety of allowing the prosecutor to testify is not questioned in this case. Rather, the defendant attacks the ruling of the trial judge allowing the district attorney to continue prosecuting the case once he had testified.
The district attorney was the last witness called by the State to testify in the State's case in chief. After the State rested, defense counsel moved "to dismiss this charge on the grounds that the District Attorney has occupied a dual role here. He has become a witness in the case he's prosecuting." Defense counsel requested the trial judge to dismiss the case or in the alternative "to dismiss Mr. Galanos from it, because he is now a highly material witness before the jury and for obvious reasons that deprives the Defendant of a fair trial. * * Now when he argues to the jury he's not arguing as a prosecutor, he's arguing as the prosecutor and the main witness."
The rule was clearly stated in Maund v. State, 254 Ala. 452, 461, 48 So.2d 553 (1950).
"The rule governing such procedure is well stated in 70 Corpus Juris page 183, as follows: `Although a prosecuting attorney *1347 is competent to testify, his testifying is not approved by the courts except where it is made necessary by the circumstances of the case, and, if he knows before the trial that he will be a necessary witness, he should withdraw and have other counsel prosecute the case. The propriety of allowing the prosecutor to testify is a matter largely within the trial court's discretion. The testimony of a prosecuting attorney has been admitted where, unknown to the attorney before the trial, his testimony became valuable for the purpose of corroborating other witnesses in impeaching a defendant witness; to explain the surprise occasioned by the testimony of a witness called by the prosecuting attorney when such witness contradicts statements made to him previously; to show what happened while he accompanied an officer serving a search warrant; to establish a confession made to him in a case where there is no provisions of law for anyone else to conduct the trial; to show admissions made by defendant to him, and to establish facts occurring before a grand jury. So the prosecuting attorney may testify where the case is tried entirely by an assistant prosecuting attorney.'" (emphasis added)
Here, the district attorney went to trial knowing full well that he would be a necessary witness. He even testified at the hearing on the defendant's motion to suppress held immediately before trial.
In Stringer v. State, 372 So.2d 378, 381 (Ala.Cr.App.), cert. denied, 372 So.2d 384 (Ala.1979), we held that the trial court did not commit reversible error by allowing the prosecutor to testify to admissions made by the defendant to him. However, there we specifically found that "(t)here is no evidence in the record that the district attorney formed the intention to testify in advance of trial." Such a finding is directly contrary to the evidence in this case.
There has never been any claim that the district attorney was the only witness who could testify to certain particular facts and, as noted, it cannot be said that the district attorney learned only after the trial started that he would become a witness. Argument has not been made that the district attorney testified as a matter of necessity or that he was the only one who could prosecute the defendant.
We find no justification for the district attorney's actions. We find no exception of his duty to withdraw from the prosecution of the defendant once he had testified as a material witness. Anno. 54 A.L.R.3d 100, Section 5(b) (1973).
"A prosecuting attorney is not incompetent to be a witness, State v. Stiltner, 61 Wash.2d 102, 377 P.2d 252, and the trial court may exercise discretion in determining to what extent and as to what matters he may be permitted to testify. State v. Lee, 203 S.Ct. [S.C.] 536, 28 S.E.2d 402, 149 ALR 1300. However, the general and uniform rule is that the right of a prosecuting attorney to testify in a criminal case `is strictly limited to those instances where his testimony is made necessary by the peculiar and unusual circumstances of the case. Even then, his functions as a prosecuting attorney and as a witness should be disassociated. If he is aware, prior to trial, that he will be a necessary witness, or, if he discovers this fact in the course of the trial, he should withdraw and have other counsel prosecute the case.' Tomlin v. State, 81 Nev. 620, 407 P.2d 1020. See also, Jenkins v. State, 242 Miss. 646, 136 So.2d 580; Adams v. State, 202 Miss. 68, 30 So.2d 593; State v. Nicholson, Mo.App., 7 S.W.2d 375; Robertson v. Commonwealth, 269 Ky. 317, 107 S.W.2d 292; Robinson v. United States, 8 Cir., 32 F.2d 505, 66 ALR 468; State v. Blake, 157 Conn. 99, 249 A.2d 232; Clark v. State, Okl.Cr. 370 P.2d 46.
"The above general rule announced in the case law is expressed in the rules of this Court. Supreme Court Rule 4.19 (now repealed but in effect at the time this *1348 case was tried) provided that `when a lawyer is witness for his client, except as to merely formal matters, such as the attestation or custody of an instrument and the like, he should leave the trial of the case to other counsel. Except, when essential to the ends of justice, a lawyer should avoid testifying in court in behalf of his client.' For the present rule, see DR5-101 and DR5-102, V.A.M.R. See State v. White, 339 Mo. 1019, 99 S.W.2d 72, where the application of the rule to testimony by a prosecuting attorney is discussed, but where no objection was made to the testimony of the prosecutor.
"In this case the prosecuting attorney occupied conflicting positions as a witness for the State and as a prosecutor, Adams v. State, supra and as a public official `in whom the public has reposed confidence, his evidence is ordinarily given greater weight than that of an ordinary witness, and the natural tendency in such case is for defendant to question the fairness of a trial when (the prosecutor) becomes a witness for the state. Therefore, he should, when that becomes necessary, so conduct himself as to foster and demonstrate the fact that he is not actively participating as a prosecutor, but only as a witness, truthfully and impartially giving competent testimony.' Frank v. State, 150 Neb. 745, 35 N.W.2d 816." State v. Hayes, 473 S.W.2d 688, 64 A.L. R.3d 93 (Mo.1971).
This rule has also found expression in the Code of Professional Responsibility of the Alabama State Bar, DR5-102(A) which provides that where a lawyer is a witness for his client, except as to merely formal matters, he should leave the trial of the case to other counsel. See also Canon 19 of the American Bar Association's Canons of Ethics.
Under the circumstances, allowing the district attorney to continue to prosecute this case and argue to the jury had the effect of allowing him to violate the rule that it is not permissible for the solicitor to make an emphatic statement that the defendant is guilty of the crime charged. White v. State, 294 Ala. 265, 270, 314 So.2d 857 (1975). "(I)t has never been contemplated or allowed that an emphatic statement by a solicitor, of his own knowledge, could be made to the effect that the defendant is actually guilty of the crime charged in the indictment." Rowland v. State, 31 Ala.App. 605, 607, 20 So.2d 881 (1945).
In closing argument, the prosecutor also argued his own credibility to the jurya practice condemned in State v. McCuistion, 88 N.M. 94, 537 P.2d 702 (1975).
So sacred and fundamental is the principle that the jury not be improperly influenced that our Supreme Court has held that it constituted reversible error to allow the Sheriff, who had acted as the bailiff to the jury, to testify as a witness for the State even though there was no testimony of any conversation between the Sheriff and the members of the jury. There the mere "possibility of influence exerted on the jury's verdict by the sheriff-bailiff was sufficient to deprive the defendant of his right to trial by an impartial jury." Chancellor v. State, 291 Ala. 413, 282 So.2d 242 (1973).
We fully recognize that the matter of allowing a prosecutor to become a witness is largely within the discretion of the trial judge. However, once the district attorney testifies he should withdraw from the prosecution of that particular trial unless there is some sound and compelling reason which would require his continued service. See State v. Donahue, 315 So.2d 329 (La.1975), where the district attorney was ordered recused because he "was the sole witness of the content of an oral confession which it is acknowledged he will testify to at the trial."
Our decision is reached only because of the high respect we have for the office of the district attorney and because of our recognition of the power and influence he exerts in the prosecution of a criminal case. Any decision other than the present one *1349 seriously jeopardizes and imperils the fact finding process of a trial by jury.

II
We have considerable difficulty with the issue of the probable cause to arrest. There is a conflict in the record as to how many informants were involved and whether a secondary informant received his information from "associates or participants of the offense" or from the brother of co-defendant Larry Stahl. See Stahl v. State, 426 So.2d 909 (Ala.Cr.App.1982).
Although multiple hearsay or hearsay upon hearsay is permissible in establishing probable cause, the two-prong test of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), must be satisfied at each link. State v. Alger, 100 Idaho 675, 603 P.2d 1009 (1979); Dawson v. State, 11 Md.App. 694, 701 f. 3, 276 A.2d 680, 683 (1971); C. Moylan, Hearsay and Probable Cause: An Aguilar And Spinelli Primer, 25 Mercer Law R. (1974); W. LaFave, 1 Search and Seizure, Section 3.3 (1978). "(T)he issue is not the length of the chain but rather whether both prongs of the Aguilar test are met at each level." United States v. Spach, 518 F.2d 866, 869 (7th Cir. 1975). "(A)n admission transmitted through an informant is only as reliable as its conduit is trustworthy." Commonwealth v. Stokes, 480 Pa. 38, 389 A.2d 74, 78 (1978).
On appeal the Attorney General argues that the informant's information was reliable and satisfied the second prong of Aguilar because it was in such detail. We disagree. "(T)he `self-verifying detail' technique cannot repair a defect in the `veracity' prong." Moylan at 780. "(I)f the selfverifying detail test is to be utilized at all, it should be used only with respect to the `veracity' prong." 1 LaFave 546. As explained in Stanley v. State, 19 Md.App. 508, 313 A.2d 847 (1974),
"the `self-verifying detail' technique cannot repair a defect in the `veracity' prong. The notion that great detail implies personal observation rather than the overhearing of barroom gossip, presupposes an honest informant. If the informant were concocting a story out of the whole cloth, he could fabricate in fine detail as easily as with rough brush strokes. Minute detail tells us nothing about `veracity'."
The State's reliance on Hatton v. State, 359 So.2d 822 (Ala.Cr.App.1977), cert. denied, 359 So.2d 832 (Ala.1978), is misplaced. There we specifically noted that veracity was not in issue. 359 So.2d at 827. See also Vickery v. State, 408 So.2d 182, 186 (Ala.Cr.App.1981).
Because of the ambiguity in the record regarding the number of informants involved and the source of their information, and because this case must be reversed for another reason, we defer judgment on the issue of probable cause to arrest the defendant.

III
The defendant argues that his arrest without a warrant violates his rights under the Fourth Amendment as set forth in Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), which prohibits the police from making a warrantless and nonconsensual entry into a suspect's home in order to make a routine felony arrest. Payton must be applied retroactively to all cases still pending on direct appeal at the time Payton was decided. United States v. Johnson, ___ U.S. ___, 102 S.Ct. 2579, 73 L.Ed.2d 202 (1982). Johnson overrules our decision to the contrary in Clements v. State, 390 So.2d 1131, 1135 (Ala.Cr.App.), cert. denied, 390 So.2d 1136 (Ala.1980).
Although the defendant was arrested at his home there is no evidence that there was any nonconsensual entry into his home in order to effectuate that arrest. Two plain-clothes investigators of the Sheriff's Office and one auxiliary officer went to the defendant's residence to "pick him *1350 up." The deputies knocked at the defendant's door. The defendant answered and the officers identified themselves and told the defendant that they would like to talk to him downtown. The defendant then stepped outside on the front "door stoop". The defendant stated that he would like to get his jacket. Two of the deputies then followed the defendant inside his house. Besides the defendant and the deputies, there were three other adults present in the living room. No one attempted to prevent the deputies from coming in or objected to their presence inside the house. Deputy Driggers testified that the defendant "agreed to go. I don't know what the circumstances would have been if he had not agreed to go."
Other than the mere fact of the officers' physical presence, there is nothing in their conduct to suggest any element of coercion. As in State v. Anonymous, 37 Conn.Sup. 755, 436 A.2d 789 (1981), the defendant willingly came out of his house onto his front porch. At that time Payton did not apply and its rule protecting against a warrantless entry into a home was no longer applicable. "Although the porch of a house may be characterized as private under the law of property, it is not usually a place where a person has a reasonable expectation of privacy and the same Fourth Amendment protection (as his home) is not afforded." Anonymous, 436 A.2d at 793. See also United States v. Santana, 427 U.S. 38, 42, 96 S.Ct. 2406, 49 L.Ed.2d 300 (1976).

IV
Investigator Delaney should never have been allowed to testify as to what his informants had told him. "(H)earsay allegations of a confidential informant may not be placed before the jury in a criminal case." Tierce v. State, 396 So.2d 1090, 1093 (Ala.Cr.App.1981). A trial court commits reversible error by permitting a law enforcement officer to testify at trial as to information he was given by a confidential informant. Bowen v. State, 406 So.2d 1077 (Ala.Cr.App.1981). Here, the admission of the hearsay testimony was cured by the action of the trial judge in excluding Delaney's testimony, instructing the jury to disregard and in polling the jury. Godbee v. State, 56 Ala.App. 174, 320 So.2d 107 (1975); Singleton v. State, 53 Ala.App. 219, 298 So.2d 639, cert. denied, 292 Ala. 749, 298 So.2d 642 (1974).
The judgment of the circuit court is reversed and the cause remanded.
REVERSED AND REMANDED.
All Judges concur.

ON REHEARING
BOWEN, Judge.
The issue upon which this case is reversedthe impropriety of the district attorney's continuing to prosecute the defendant after he had testified as the State's witnesswas not argued on appeal. Nevertheless, this Court had a statutory duty to examine the record in every appeal for errors "apparent on the record or reserved in the circuit court." Alabama Code Section 12-22-240 (1975). Since this appeal was filed before January 1, 1982, Rule 45B, ARAP, providing that this Court "shall consider only questions or issues presented in briefs on appeal," did not apply and review of this case is governed by Section 12-22-240.
It is argued that the district attorney's testimony was "not essential to the State's case but rather only cumulative" and that therefore it was within the discretion of the trial judge to allow the district attorney to continue to prosecute after testifying as a witness. We do not think that the action of the trial judge can be insulated from appellate review simply by classifying that act as within the judge's discretion. M. Rosenberg, Judicial Discretion of The Trial Court Viewed From Above, 22 Syracuse L.Rev. 635 (1971).
The district attorney's testimony was far more than "merely cumulative." He testified to additional facts not previously in evidence. It was through his testimony that a nine page handwritten statement was admitted into evidence and read to the *1351 jury. This statement contained particulars and explicit details of the robbery and murders, many of which were presented to the jury only through the district attorney's testimony. This Court has previously recognized the significance of a written confession in "intensifying and magnifying both the substance and effect of (previously admitted) oral statements leaving no doubt of the defendant's guilt." Price v. State, 392 So.2d 1242, 1248 (Ala.Cr.App.1980), cert. denied, 392 So.2d 1248 (Ala.1981). See also Hinshaw v. State, 398 So.2d 762 (Ala.Cr. App.), cert. denied, 398 So.2d 766 (Ala.1981). We cannot hold this error harmless. In brief, the Attorney General even states that the district attorney's testimony "strengthened" the case against the defendant, although maintaining that such testimony was only cumulative.
The fact that both the defendant and the State have requested rehearing on the issues of multiple hearsay and probable cause only serves to illustrate our comment regarding the ambiguity in the record regarding the number of informants involved and the source of their information.
OPINION CORRECTED AND EXTENDED; APPLICATION FOR REHEARING OVERRULED.
All Judges concur.