TYSON, Judge.
Harry D. Fenn was charged by indictment with receiving stolen property in the second degree, being some watches, a stereo, tires and pistols, the property of Dewey McGill, doing business as Western Auto Store of Dothan, of the aggragate value of $479.00, in violation of § ISA-SIS, Code of Alabama 1975.
The jury found the appellant “guilty as charged” and following a sentencing hearing the appellant was sentenced to 25 years’ imprisonment as punishment.
The appellant’s motion for new trial challenging the weight and sufficiency of the evidence and the arrest of the appellant was overruled.
A pretrial suppression hearing was conducted at which Dothan Police Officer Tommy Martin testified that he arrested the appellant, Harry Fenn, on June 17, 1983, pursuant to a “bolo”. He stated that *1166 a bolo was an order from police headquarters to arrest appellant on sight. He stated that he stopped the appellant driving his automobile and radioed for assistance. Do-than Detectives David Kirkland and Danny McGriff arrived on the scene and placed the appellant in their patrol car. Officer Martin also testified that Dothan police regulations require that an inventory search be made of a suspect vehicle on the scene to protect property interests.
Dothan Police Officer Larry Lynn testified that he had issued the police bolo on one “Harry Fenn” based upon information which he had received from one Fredrick Walker that Fenn had burglarized the Western Auto Store in Dothan and removed certain properties. Officer Lynn’s testimony is as follows:
“Q. Now, what information did you have for placing this bolo out on him?
“A. Earlier during this investigation, I’d recovered some other property from the burglary at Western Auto in the possession of a man named Fredrick Walker. During the investigation, Walker told me that Harry Fenn had brought the property to his house and still had some of the property from the Western Auto burglary •
“Q. What was Harry Fenn arrested on at that time? Do you know?
“A. Receiving stolen property.” (R. 7, Supplement)
Officer Lynn further testified that appellant was brought to Dothan Police Headquarters and there interrogated after first being given his Miranda rights and without any threats, intimidation, coercion or inducement of any kind. The appellant confirmed that he had taken certain property from the Western Auto Store in Dothan.
Dothan Detective David Kirkland confirmed the statement as to voluntariness of the statement of the appellant and also stated that Dothan police regulations required the police to impound a vehicle, and make an inventory search where an arrest such as that of the appellant was made and that such was done in this case. Some watches, pistols and a stereo were found in the vehicle.
The appellant took the stand at the suppression hearing for the limited purpose of testifying as to what occurred and stated that he did not give the officers permission to open the trunk and that they did not ask for permission. He was asked after being stopped on June 17, 1983, while driving down Carl Street, to show his driver’s license and upon being identified, he stated that they removed a sack from the trunk containing some watches and pistols. He stated that he was told at police headquarters that they knew he “broke in Firestone and Saben Appliances” and that he might as well tell all that he knew.
The trial court denied the motion to suppress following this hearing.
At trial Dewey W. McGill testified that he owned the Western Auto Store in Do-than, Alabama on June 14-15, 1983. He testified that on the morning of the 15th he came to the store and found some missing pistols, nearly 70 watches missing and that a lawn mower belonging to a Mrs. Snell-grove, which had been brought in for repairs, had been removed and that the lawn mower had a tag on it with her name on the lawn mower. He also testified that two rifles, one a Daisy rifle and one a Marlin rifle, were also removed. He stated that he further saw these items at police headquarters two days later and identified them.
Dothan Police Sergeant Larry Lynn testified at trial that he had conducted a search of the residence of Fredrick Walker and seized some watches, some guns, tires and electronic equipment and that he was told by Walker that the appellant, Harry Fenn, had brought these items to his home. He then put out a police bolo authorizing the arrest of Fenn. He further stated that when he went to the scene of the arrest of Fenn he found a tag in the trunk of the car with Mrs. Snellgrove’s name, “Laura Snell-grove”, and recognized it as being a repair ticket from Western Auto. This tag was identified at trial and Sergeant Lynn stated that he removed it from the trunk of Fenn’s automobile.
*1167 Sergeant Lynn identified the property which was seized at Walker’s home as follows:
“A. There was one H & R .32 caliber pistol, one Daisy .22 caliber rifle, one Marlin 38-40 rifle, a Midland 19 inch television, a GPX cassette AM-FM stereo, a GPX model 870 AM-FM stereo, four Western Auto tires, and twelve assorted Timex and Quartz brand watches.” (R. 21).
Sergeant Lynn also stated that he saw in Sergeant Kirkland’s car “approximately 16 watches and a Dorchester AM-FM stereo radio” which had just been removed from appellant’s trunk at the scene of the arrest.
Dothan Detective Sergeant Kirkland confirmed Sergeant Lynn’s testimony at trial and further testified that he gave the appellant a Miranda warning and that without any threats, intimidation, coercion or inducements, he obtained a statement, subsequently, at Dothan Police Headquarters in which the appellant stated that the items which were removed from the trunk of his automobile had come from the Western Auto Store in Dothan two days earlier.
Sergeant Kirkland also testified that it was Dothan police regulations to conduct an inventory search of the items seized from a vehicle such as in the case at bar.
Dothan Police Officer Tommy Martin testified he was present at the time of the arrest of the appellant and subsequently when he was taken to police headquarters on June 17,1983. He stated that the appellant had a watch of the type found in the trunk inside of some rubber boots which he was wearing.
Appellant’s motion to exclude and motion to suppress which were made at trial were overruled.
The appellant did not present any testimony at trial but at the sentencing hearing two prior felonies were presented by counsel for the defense to the trial court.
I
Appellant contends that his arrest was illegal and that the items seized from the trunk of his automobile were seized unlawfully.
In Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949), the United States Supreme Court defined probable cause as a practical, non-technical conception.
Further, in Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959), the court indicated the following:
“Probable cause exists where ‘the facts and circumstances within their [the arresting officers’] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that’ an offense has been or is being committed ...” (Citation omitted.)
In the case at bar, Sergeant Lynn had been to the home of Walker and there found a number of items which had been taken from the Western Auto Store two days earlier. He further had a statement from Walker that the appellant had brought those items to his home and also had a statement from Walker’s wife that she had observed the appellant and her husband in the room together with the property in question. Clearly, Sergeant Lynn had probable cause to direct that an arrest be made of the appellant for his involvement with the property missing from the Western Auto Store. Section 15-10-3, Code of Alabama 1975 and authorities herein cited. Tice v. State, 386 So.2d 1180 (Ala.Crim.App.1980), cert, denied, 386 So.2d 1187 (Ala.1980).
II
Where, as here, probable cause exists for the arrest and ensuing search made at the scene, the police officers properly made an inventory of the items seized from the trunk of the appellant’s automobile. This was done pursuant to Dothan Police Department regulations as testified to by three officers. South Dakota v. Opperman, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976); Lippold v. State, 365 So.2d 1015 (Ala.Crim.App.1978), cert, de *1168 nied, 365 So.2d 1022 (Ala.1979); Vogel v. State, 426 So.2d 863 (Ala.Crim.App.1980), affirmed, 426 So.2d 882 (Ala.1982).
III
We have carefully examined the testimony of the arresting officers and as indicated herein have determined that the arrest and subsequent search of appellant's vehicle were in all respects proper.
The record also discloses that the appellant was properly given his Miranda rights and also a proper “voluntariness predicate” was herein established. Kitchens v. State, 445 So.2d 1000 (Ala.Crim.App.1984). The appellant’s statement admitting his involvement with the missing properties were properly admitted at trial.
We have carefully examined this record and find no error. The judgment below is therefore affirmed.
AFFIRMED.
All the Judges concur.