The appellant was found guilty of possession of cocaine and possession of cocaine with intent to sell, in violation of §20-2-70, Code of Alabama 1975. He was sentenced to fifteen years' imprisonment and fined $25,000.
On March 4, 1985, Captain Dennis Surrett of the Talladega Police Department was told by a confidential informant that the appellant would be making a drug delivery in Talladega later that afternoon. The informant stated that he had talked with the appellant earlier that day and learned that he would be delivering 3.5 grams of cocaine to a certain area of Talladega at 4:00 o'clock p.m. According to the informant, appellant Hamilton would be driving a white, 1980 model Chevrolet Monza. After discussing the matter with the district attorney and several law enforcement officials, Captain Surrett learned that the appellant was a well-known drug dealer who was suspected of supplying a large portion of the cocaine sold in the county. Several unmarked police cars were immediately *Page 102 
dispatched to the area of town where the delivery was supposed to occur. Around 4:30 p.m., the appellant was seen driving a white Chevrolet Monza in the section of Talladega specified by the informant. The police turned on their blue lights and attempted to stop the appellant's automobile by blocking his lane with one of the police vehicles. The appellant, however, veered into the other lane, momentarily left the roadway and then sped past the police. During the brief chase which followed, the police saw a plastic bag thrown from the appellant's automobile. One of the law enforcement officials stopped to retrieve the package, which was found to contain marijuana, while the others pursued and stopped the appellant. After receiving a radio call informing them that the plastic bag contained marijuana, the appellant was informed of his constitutional rights and was arrested. A subsequent search of the appellant revealed a small set of scales containing vestiges of cocaine, one marijuana cigarette, and a small bottle of cocaine. In addition, the police also found lying alongside the road nearby two packages of cocaine stuffed into an otherwise empty prescription bottle, which pharmaceutical records proved belonged to the appellant.
 I SEARCH AND SEIZURE
The appellant contends that the trial court erred to reversal in denying his motion to suppress evidence of the cocaine seized by the Talladega police. The fourth amendment to the United States Constitution prohibits all "unreasonable searches and seizures" by law enforcement officials and requires that illegally obtained evidence be suppressed. Weeks v. UnitedStates, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914). The fourth amendment does not, however, prohibit all searches, but, rather, only those which are unreasonable. United States v.Lipscomb, 435 F.2d 795 (5th Cir. 1970). A search incident to a lawful arrest is not unreasonable. The Supreme Court has expressly held:
 "A custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion being lawful, a search incident to the arrest requires no additional justification. It is the fact of the lawful arrest which establishes the authority to search, and we hold that in the case of a lawful custodial arrest a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a `reasonable' search under that Amendment."
United States v. Robinson, 414 U.S. 218, 236, 94 S.Ct. 467,477, 38 L.Ed.2d 422 (1973); see also, Chimel v. California,395 U.S. 752, 89 S.Ct., 2034, 23 L.Ed.2d 685 (1969); Sterling v.State, 421 So.2d 1375 (Ala.Cr.App. 1982); Foy v. State,387 So.2d 321 (Ala.Cr.App. 1980).
A law enforcement official may arrest an individual without a warrant whenever a felony has been committed and he has probable cause to believe that the person arrested committed that felony. Section 15-10-3 (3), Code of Alabama 1975; Exparte Meeks, 434 So.2d 844 (Ala. 1983). Absent probable cause, the arrest is invalid and any evidence obtained during a search incident to the arrest must be excluded as violative of the fourth amendment. Meeks, 434 So.2d at 846-47. In the case subjudice, the appellant maintains that his arrest was unlawful because the information provided by the informant was insufficient to establish probable cause.
A law enforcement official has probable cause to make an arrest if, under the totality of the circumstances known to the officer at the time of the arrest, a reasonable person would believe that the suspect had committed or is committing a crime. Gord v. State, 475 So.2d 900 (Ala.Cr.App. 1985); Fenn v.State, 456 So.2d 1165 (Ala.Cr.App. 1984), cert. denied,482 So.2d 300 (Ala. 1985); United States v. Fixen, 780 F.2d 1434
(9th Cir. 1986).
It is well settled law that tips given to police by an informant can provide probable cause to justify an arrest.Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, *Page 103 3 L.Ed.2d 327 (1959); Massachusetts v. Upton, 466 U.S. 727,104 S.Ct. 2085, 80 L.Ed.2d 721 (1984); Illinois v. Gates,462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); Channell v. State,477 So.2d 522 (Ala.Cr.App. 1985).
Two factors to consider in applying the totality-of-the-circumstances test in the informant context are the reliability of the informant and his basis of knowledge.Gates, 462 U.S. at 230, 103 S.Ct. at 2329, 76 L.Ed.2d at 543. Here, Captain Surrett testified that the confidential informant from whom he had received the tip had supplied him with accurate and reliable information on at least three prior occasions, the last of these coming less than thirty days before the appellant's arrest. Furthermore, the informant indicated that the tip was based upon firsthand information gotten from the appellant only a few hours before the drug bust occurred. Based upon the detailed information supplied by the informant, we hold that there was probable cause at the time of the arrest to believe the appellant was committing a felony. Since the arrest was lawful, the search incident to that arrest was also proper. The trial court did not err, therefore, in denying the appellant's motion to suppress the bottle of cocaine found in the appellant's pocket. In addition, we note that probable cause to arrest the appellant was based not only upon the informant's tip, but also upon the reputation of the appellant as a major drug dealer, the appellant's attempted flight from the police, corroboration of specific details of the informant's tip by independent sources, and retrieval of the bag of marijuana jettisoned by the appellant.
The appellant also argues that the two packages of cocaine found in the medicine bottle should have been suppressed. We disagree. A defendant's right to challenge the admissibility of evidence on fourth amendment grounds depends on whether at the time of the search, he had a reasonable expectation of privacy in that item. Rakes v. Illinois, 439 U.S. 128, 99 S.Ct. 421,58 L.Ed.2d 387 (1978); United States v. Beck, 602 F.2d 726 (5th Cir. 1979); Ex parte Collier, 413 So.2d 403 (Ala. 1982). A defendant has no reasonable expectation of privacy with respect to an abandoned object. Abel v. United States, 362 U.S. 217,80 S.Ct. 683, 4 L.Ed.2d 668 (1960); United States v. Edwards,441 F.2d 749 (5th Cir. 1971).
Since the appellant chose to voluntarily abandon the packages of cocaine, he has no standing to challenge the propriety of the search and seizure of those items. United States v.Colbert, 474 F.2d 174 (5th Cir. 1973); Hayes v. State,44 Ala. App. 539, 215 So.2d 604 (Ct.App. 1968).
 II CONSTRUCTIVE POSSESSION
Before a person can be convicted of violating § 20-2-70, Code of Alabama 1975, it must be proven beyond a reasonable doubt that he was in actual or constructive possession of one of the substances enumerated therein. To establish constructive possession, the state must show that the accused had dominion and control of the illegal substance itself or of the premises on which the substance was found. Grubbs v. State,462 So.2d 995 (Ala.Cr.App. 1984); Franklin v. State, 437 So.2d 609
(Ala.Cr.App. 1983). The appellant argues that an object lying alongside a public right-of-way could not possibly have been within his control and that, consequently, he could not be found to have been in constructive possession of the two packages of cocaine found by the police. The appellant's argument is based upon the premise that the constructive possession doctrine is applicable only where the contraband is under the accused's control at the time of his arrest. While some degree of dominion and control over the contraband is a necessary prerequisite to conviction under § 20-2-70, it is not necessary that this control exist at the time of the arrest.
"The apparent purpose of a constructive possession doctrine is expansion of the scope of possession statutes to encompass those cases where actual possession at the *Page 104 
time of the arrest cannot be shown, but `where the inference that there has been possession at one time is exceedingly strong.'" Whitebread and Stevens, Constructive Possession inNarcotics Cases: To Have and Have Not, 58 Va.L.Rev. 751, 755 (1972), (quoting First Report of the National Commission on Marijuana and Drug Abuse, Appendix 139).
As one commentator has so aptly observed, "most drug users separate themselves from their contraband as soon as a police officer approaches their person, residence or automobile." Claudill, Probability Theory and Constructive Possession ofNarcotics: On Finding That Winning Combination, 21 Jurimetrics J. 235, 240 (1977). Where a defendant is actually seen throwing contraband from his automobile onto the public way, he is held to be in possession of the jettisoned item even though, technically, the contraband is not under his control at the time he is later apprehended. Ward v. State, 484 So.2d 536
(Ala.Cr.App. 1985); Green v. State, 384 So.2d 1215 (Ala.Cr.App. 1980); Watson v. State, 18 Md. App. 184, 306 A.2d 599 (1973);Kirkpatrick v. State, 170 Tex.Crim. R., 339 S.W.2d 535 (1960).
Prosecution in these cases is permissible under the possession statute because there is sufficient evidence that the defendant possessed the contraband. While the quantum of proof necessary to sustain a conviction for possession will be greater in those instances where the contraband is not under the exclusive or joint control of the accused at the time it is discovered, we believe that a conviction for possession is proper where there is substantial evidence of the defendant's guilt. See, Peoples v. Showers, 68 Cal.2d 639, 68 Cal.Rptr. 459,440 P.2d 939 (1968) (where, prior to his arrest, the defendant had apparently abandoned heroin in an ivy patch, there must exist substantial evidence that he had prior possession of the drug before a conviction may be obtained).
Nevertheless, it is clear that a conviction for possession cannot be predicated on mere surmise, suspicion, or speculation. Thomas v. State, 363 So.2d 1020 (Ala.Cr.App. 1978). Before a conviction can be obtained there must exist some affirmative link between the accused and the illegal substance. Specifically, there must be sufficient evidence to prove beyond a reasonable doubt that the accused had dominion and control over the substance. Story v. State, 435 So.2d 1360
(Ala.Cr.App. 1982), rev'd on other grounds, 435 So.2d 1365
(Ala. 1983).
 "`The kinds of circumstances which provide such a connection are: (1) evidence that excludes all other possible possessors; (2) evidence of actual possession; (3) evidence that the defendant had substantial control over the particular place where the contraband was found; (4) admissions of the defendant that provide the necessary connection, which includes both verbal admissions and conduct that evidences a consciousness of guilt when the defendant is confronted with the possibility that an illicit drug will be found; (5) evidence that debris of the contraband was found on the defendant's person or with his personal effects; (6) evidence which shows that the defendant, at the time of the arrest, had either used the contraband very shortly before, or was under its influence.
 "`The kinds of evidence which might be relevant, but which by themselves do not add the necessary connection are: (1) admissions of previous use; (2) conduct that might be construed as evidencing a consciousness of guilt which was not displayed upon the defendant's confrontation of the possibility that an illicit drug would be discovered; (3) evidence of previous use; (4) evidence that showed the defendant's physical proximity to the contraband.'"
Temple v. State, 366 So.2d 740, 743 (Ala.Cr.App. 1979), quoting 9 Land and Water L.Rev. 236, 248-49 (1974). This list is not all-inclusive. "In a prosecution for the unlawful possession of a controlled substance, `the kinds of circumstances which may provide a connection between a defendant and the contraband are unlimited *Page 105 
and will naturally depend upon all the facts of each particular case.'" Cason v. State, 435 So.2d 200, 202 (Ala.Cr.App. 1983).
In the case sub judice, the record indicates that appellant fled from the police when they attempted to stop him. He was observed throwing a bag of marijuana from his automobile; a small bottle of cocaine was found in the appellant's pocket; the two packages of cocaine found by the police were stuffed into a prescription bottle belonging to the appellant; although a rainstorm had recently passed through the area, the prescription bottle showed no signs of exposure to the weather; a laboratory analysis proved the cocaine found in the medicine bottle came from the same batch as that found on the appellant; and the medicine bottle containing cocaine was found near where the appellant was eventually stopped. These facts, when considered in their totality, provide substantial evidence from which a jury could find that the appellant had been in possession of the two packages of cocaine. Moreover, we note that the small bottle of cocaine found on the appellant's person was sufficient in itself to sustain his conviction under § 20-2-70, Code of Alabama 1975.
 III DISCOVERY
The appellant next maintains that the circuit court erred to reversal in denying his pre-trial discovery requests. He argues that under the recently enacted discovery provisions of the Alabama Temporary Rules of Criminal Procedure, the state should have been compelled to make available to him two taped recordings that were in its possession.
Historically, the role of discovery in criminal proceedings has been a rather limited one. It was feared that an expansion of criminal discovery rules would "subvert the whole system of criminal law" by giving too great an advantage to the accused.King v. Holland, 4 Durn. E. 691, 692, 100 Eng.Rep. 1248, 1249 (K.B. 1792); United States v. Garsson, 291 F. 646 (S.D.N Y 1923). Time has proven these fears to be unfounded, however, and the trend in recent years has been toward liberalization of criminal discovery. In Brady v. Maryland, 373 U.S. 83,83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the Supreme Court held that, upon request, the prosecution has a constitutional duty to provide the accused with any evidence favorable to him and that it must produce any obviously exculpatory evidence even if it is not requested. Nevertheless, Brady did not create, and there does not exist, any general constitutional right to discovery in a criminal proceeding. Ex parte Bell, 475 So.2d 609 (Ala. 1985). In the present case, however, the appellant does not base his claim to the tape recorded materials upon constitutional grounds, but rather, upon the rules of discovery promulgated by the Alabama Supreme Court. Specifically, he contends that Temporary Rule 18.1 of the Alabama Temporary Rules of Criminal Procedure permits him to inspect the tape recordings made by the Talladega Police. Temporary Rule 18.1 provides:
 "(a) Statements of Defendant. Upon motion of the defendant the court shall order the district attorney:
 "(1) To permit the defendant to inspect and copy any written or recorded statements made by the defendant to any law enforcement officer, official, or employee which are within the possession, custody, or control of the state, the existence of which is known to the district attorney. . . ."
Before discovery is mandated under Temporary Rule 18.1, the following elements must exist:
(1) There must be a written or recorded statement;
 (2) That statement must have been made by the defendant;
 (3) The statement must have been to a law enforcement official;
 (4) The statement must be within the possession, custody, or control of the state; and
 (5) The prosecution must either be aware of the existence of the statement at the *Page 106 
time of the discovery request or become aware of its existence at some time thereafter.
The language of the rule, as well as that of the committee comments to the 1982 draft,[1] indicates that where all of these elements are present, discovery is mandatory.[2]
One of the two recordings sought by the appellant involved a conversation between the appellant and a confidential informant who was working for the police. However, this recording consisted solely of the informant's side of the conversation and did not contain any statements "made by the appellant." The trial court did not err, therefore, in denying the appellant's request for discovery of that item. The second tape sought by the appellant was made several months prior to his arrest. This taped recording did contain statements made by the appellant, but the statements concerned a drug transaction that was unrelated to the drug sale for which the appellant was later arrested. The state contends that this recording is not subject to discovery because it is not relevant to the present case. We find this argument to be unpersuasive. Rule 18.1 (a), unlike its federal counterpart, does not require that the requested information be relevant. Nor do we feel at liberty to infer such a requirement. Rule 18.1 (a) is plain and unambiguous. These discovery provisions are the result of many years of painstaking drafting, revision, and redrafting by respected and learned jurists, lawyers, and academicians. In their final form they represent a compromise between the rights of the accused and the interests of the state in preserving an efficient and effective criminal justice system. As the advisory committee noted in the comments to the 1983 draft, reciprocal discovery is not only more fair to the accused, but is also of importance to the state since it serves to expedite those cases which are more properly resolved through negotiated pleas.
The state also maintains that the taped recording was not subject to discovery because the prosecution did not intend to use the tape at trial. While under rule 18.1 (a)(2), a defendant's oral statement is discoverable only if the prosecution intends to offer it at trial, Rule 18.1 (a)(1) does not contain a similar prerequisite with respect to the discoverability of a defendant's written or recorded statement. Nevertheless, we find no cause for reversal due to the state's failure to provide the appellant with a copy of the taped recording. As we noted previously, the statement of a defendant is subject to discovery only if that statement was made to a "law enforcement officer or law enforcement official." *Page 107 See, United States v. Jackson, 757 F.2d 1486 (4th Cir. 1985). The record in this case does not indicate to whom the defendant's statement was made. Normally, it would be necessary to remand the case so that a finding of fact could be made as to this issue, but, after carefully reviewing the pertinent facts and circumstances, we find that no harm resulted to the substantial rights of the appellant because of the state's failure to provide him a copy of the recording. The appellant's guilt was established beyond a reasonable doubt, and access to the taped recording would have been inconsequential to his defense even if the tape was subject to discovery. UnitedStates v. Hogan, 769 F.2d 1293 (8th Cir. 1985); United Statesv. Keithan, 751 F.2d 9 (1st Cir. 1984); United States v.Rodriguez, 765 F.2d 1546 (11th Cir. 1985).
 IV MOTION FOR RECUSAL OF DISTRICT ATTORNEY
The appellant also contends that because the district attorney testified at the pre-trial suppression hearing the trial court should have granted his motion "for recusal" of the district attorney. In support of his argument, the appellant cites Waldrop v. State, 424 So.2d 1345 (Ala.Cr.App. 1982). InWaldrop, this court held that where a prosecuting attorney has testified as a material witness in a case, it is reversible error for the trial court to thereafter permit him to continue acting in his prosecutorial capacity. The basis for our ruling in Waldrop was that a jury would likely be unduly influenced by the prosecutor's testimony and, thus, deny a defendant his right to a fair and impartial trial. The cause for concern inWaldrop does not, however, exist in the present case. While the district attorney in this case did testify at the pretrial suppression hearing, he was not called as a witness during the actual trial and the jury did not see him in the role as a witness. Waldrop is therefore, not controlling. We find no error in permitting a prosecuting attorney who has testified at a suppression hearing to act as counsel at trial.
 V VALIDITY OF INDICTMENT
Appellant Hamilton also contends that Count II of his indictment is a nullity because it does not state a correct proposition of law. Count II reads:
 "The Grand Jury of said County further charge that before the finding of this Indictment and subsequent to January 1, 1980, the said Andre A. Hamilton, whose true name is to the Grand Jury unknown otherwise than stated, did unlawfully possess, with the intent to sell, towit: 7.222 grams of cocaine, a controlled substance of narcotic drug, contrary to and in violation of the provisions of the Alabama Uniform Controlled Substances Act, in violation of § 20-2-70 of the Code of Alabama."
Section 20-2-70, Code of Alabama 1975, makes it illegal to actually sell cocaine, and it also prohibits the possession of cocaine. In appropriate circumstances, each of these constitutes a separate, indictable offense. But, even where one count of a multi-count indictment is found to be invalid, reversal of the conviction is not warranted if the remaining counts are sufficient to sustain the sentence that was given.Stoudemire v. State, 365 So.2d 376 (Ala.Cr.App. 1978); Fullerv. State, 257 Ala. 502, 60 So.2d 202 (1952); Handy v. State,121 Ala. 13, 25 So. 1023 (1899). Since the sentence imposed in this case was within the prescribed statutory range for a conviction under Count I, we find no cause for reversal.
 VI MOTION FOR CONTINUANCE
Before trial, the attorney for appellant Hamilton made several motions for a continuance. As grounds, he contended that he did not have an adequate amount of time to prepare for trial or for complete *Page 108 
discovery. These motions were denied. The appellant argues that the trial court's denial of his motions deprived him of his sixth amendment right to effective assistance of counsel.
It is well settled law that a motion for continuance is addressed to the sound discretion of the trial court. McConicov. State, 458 So.2d 743 (Ala.Cr.App. 1984); Carroll v. State,445 So.2d 952 (Ala.Cr.App. 1983). Absent a clear showing that it has abused its discretion, the trial court's decision will not be reversed on appeal. Dawkins v. State, 455 So.2d 220
(Ala.Cr.App. 1984); Owens v. State, 460 So.2d 305 (Ala.Cr.App. 1984). The record indicates that counsel for the appellant had approximately two weeks to prepare for trial. Such a length of time is not, as a matter of law, inadequate. Nance v. State,416 So.2d 437 (Ala.Cr.App. 1982). Furthermore, it appears from the record that the appellant's attorney was well prepared and that the appellant was represented skillfully and ably at every phase of the proceedings. We find no abuse of the trial court's discretion in denying appellant's motion. VII
Last, the appellant alleges that the trial court committed reversible error with respect to various evidentiary rulings. After careful review, we conclude that these rulings were without error. Consequently, this case is due to be affirmed.
AFFIRMED.
All the Judges concur.
[1] Those comments observed that "[d]isclosure by the state in Alabama has heretofore largely been a matter of discretion left to the trial court." (Emphasis supplied.) The Committee Comments further note that Temporary Rule 18.1 "requires the state to furnish the defendant with a copy of any written or recorded statements made by him. . . ." (Emphasis supplied.)
[2] In construing Rule 18.2, Alabama Temporary Rules of Criminal Procedure, which permits prosecutorial discovery of a defendant, this court held that the term "shall" was merely directory, rather than mandatory. Eslava v. State,473 So.2d 1143 (Ala.Cr.App. 1985). Our present interpretation of the term "shall" in Temporary Rule 18.1 is not, however, inconsistent with our earlier ruling. As the Alabama Supreme Court noted inFlorence v. Williams, 439 So.2d 83, (Ala. 1983), "When the same words are used in different statutes relating to different subjects, the extent of the meaning of the words is not always the same." Likewise, the present issue of a defendant's right to discovery, while related, is a separate and distinct subject from that of prosecutorial discovery. Moreover, it is an elementary principle of statutory construction that where an ambiguous term is subject to two different interpretations, one of which would make the statute constitutional and one of which would make it unconstitutional, the term should be given its constitutional meaning. Donley v. City of Mountain Brook,429 So.2d 603 (Ala.Cr.App.), rev'd on other grounds, 429 So.2d 618
(Ala. 1982). A mandatory construction of Rule 18.2 would not allow any degree of judicial discretion and could, in certain circumstances, cause the rule to run afoul of a defendant's constitutional privilege against self-incrimination. To prevent constitutional infirmities, it was necessary, therefore, to construe the term "shall" in Temporary Rule 18.2 as directory rather than mandatory. We emphasize, however, that reciprocity of discovery is, and will continue to be, the cornerstone of the Alabama criminal discovery provisions.