TAYLOR, Judge.
Robert Gilchrist was convicted of the murder of a young woman. His case was appealed and the Alabama Supreme Court considered the issue of whether the case should be reversed because the district attorney testified as a witness. The district attorney for the 13th Judicial Circuit, Honorable Chris Galanos, performed all the functions of trial counsel, then testified as a witness, then resumed his role as counsel examining the witnesses and made the closing argument before the jury. The Alabama Supreme Court held that it was error for the court to permit the district attorney to be a witness and then continue in his role as district attorney. The reasons for this rule are well set out by Presiding Judge Bowen in Waldrop v. State, 424 So.2d 1345 (Ala.Cr.App.1982), appeal after remand, 462 So.2d 1021 (Ala.Cr.App.1984), cert. denied, 472 U.S. 1019, 105 S.Ct. 3483, 87 L.Ed.2d 618 (1985). This reasoning was also applied by us in Tarver v. State, 492 So.2d 328 (Ala.Cr.App.1986), which relied on Waldrop. In essence, the reason for the rule is the enormous influence on the jury exerted by one holding the office of district attorney. Judge McMillan, in Tar-ver, quotes from Waldrop, and proceeds to state that “[u]nder this ‘plain error rule,’ this court is obligated to take appropriate action where the error ‘has or probably has adversely affected the substantial right of the appellant.’ ” The Alabama Supreme Court held that the trial defense counsel’s failure to object to, and secure a ruling on, the district attorney’s playing the dual role of prosecutor and witness constituted a waiver of this issue. The Supreme Court, in Ex parte Gilchrist, 466 So.2d 991, 994 (Ala.1985), stated as follows:
“In Waldrop, supra, the district attorney’s conduct constituted reversible error. In this case, however, since there was no objection, no error was preserved below, and error cannot be asserted thereon for the first time on appeal. Thomas v. State, 393 So.2d 504 (Ala.Crim.App.1981). The failure to object waived the prosecutorial error. Cf. 6B Ala.Dig. Criminal Law Key Nos. 1028 and 1030(2).”
This case now comes to us on appeal from the denial of petition for writ of error coram nobis. It is argued that appellant was denied effective assistance of counsel by virtue of the failure of the defense counsel to object to the dual role played by the district attorney. We must examine this conduct in the light of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1969). Under the doctrine of this case, in order to prove ineffective assistance of counsel, the appellant must make two showings. First, he must prove that his attorney’s performance was deficient and that the error or errors were so serious that counsel was not performing as counsel. Second, he must show that there is a reasonable probability that, but for the *1122 unprofessional error or errors, the result of the proceedings would have been different. The Supreme Court put its finger on the facts relevant to the question: Would the result of the proceedings have been different but for the unprofessional error or errors?
The following occurred at trial:
“THE COURT: I’ll just ask you on the record if you have an objection to Mr. Galanos, the District Attorney, coming into the courtroom. Mr. Harrison, you say he will be a witness?
“MR. HARRISON: I anticipate he will be a witness to an event that occurred at Church Street at C.I.D. [Criminal Investigation Division].
“THE COURT: To statements made by the defendant?
“MR. HARRISON: Yeah, statements made by the defendant.
“THE COURT: Do you have an objection?
“MR. CLARK: Yes, sir. Judge. We have no objection if he’s not going to be a witness, he’s the District Attorney and he’s entitled to be here, but if he’s going to be a witness we would object because Wilbur Williams has been excluded for the record. If you want to send Wilbur out and retain Chris in his place I don’t have an objection, but I don’t want everybody in the case excluded from the Rule.
“THE COURT: Well, I’m not going to do it, I’m going to make an exception with Mr. Galanos and Mr. Williams. Your objection is overruled.” Gilchrist, at 993.
From this exchange, it is clear that the court intended to overrule and did, in fact, overrule an objection stemming from the district attorney’s role as a witness. The reason the Supreme Court held that this was not a ruling on this point of law is, as it stated: “This objection and ruling referred only to the invocation of the rule regarding the presence of witnesses in the courtroom, and thus applied only to the district attorney’s role as a witness.” Gilchrist, at 993. Our Supreme Court pointed out that at the point of this preliminary ruling, Mr. Galanos had made no appearance other than as a potential witness and had not yet testified. No objection was presented to his participation later on. Had there been an objection, Gilchrist’s conviction would have been reversed.
Accordingly, it is abundantly clear that under Strickland v. Washington, supra, this appellant was denied effective assistance of counsel. Accordingly, the ruling of the circuit court in denying this petition for writ of error coram nobis is reversed and this cause is remanded for a new trial or other proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.