MADDOX, Justice.
The issue in this case is whether the State failed to comply with discovery orders when it produced for copying an original, but substantially inaudible, tape of a conversation between the petitioner and an undercover agent, and then later, at trial, used electronic equipment to enhance the quality of the original tape.[1]
When the State sought to play the original tape on a "boom box” at trial, the petitioner objected to its admission on the ground that the State had failed to comply with the discovery order, contending that *481 the State had given him a copy of an inaudible tape and was attempting to introduce an audible tape at his trial. He argued that the State should have disclosed to him the substance of the conversation on the tape and that the failure of the State to do this constituted a lack of “good faith.”
The trial judge overruled the petitioner’s objection and held that the State had complied with the discovery order when it gave to the petitioner the original tape for copying. The petitioner was convicted; the Court of Criminal Appeals affirmed, by an unpublished memorandum opinion. 579 So.2d 709. This Court granted the petitioner’s request to review that judgment. We affirm.
The petitioner argues here, as he did in the Court of Criminal Appeals, that the State, by not providing him with an audible tape, violated the spirit and purpose of Temporary Rule 18.1(a), Rules of Criminal Procedure (now Rule 16.1(a)).[2]
The question presented, of course, is whether the Rule required the State to produce, for the defendant to copy, an audible version of the tape or to furnish him with a machine that would enhance the quality so that the conversation on the tape would be audible. We think not.
The State allowed the petitioner to inspect and copy the tape, as required by Temp. Rule 18.1. The officer who played the tape for the petitioner told him that the tape was hard to understand. The petitioner knew the quality of the tape when he made a copy of it, but makes no claim that the copy he made was not from the original tape. In fact, the record shows, of course, that the tape that was played in court was the original tape, the same tape played and copied by the petitioner. The only “voice enhancer” used by the State was an equalizer on a “boom box,” which the State argues was a standard piece of equipment that could be purchased in a store selling “boom boxes.” The petitioner had played his copy of the tape on a small, hand-held recorder, and it was admittedly substantially inaudible when played on such a recording device.
The Alabama Rules of Criminal Procedure represent “a compromise between the rights of the accused and the interests of the State in preserving an efficient and effective criminal justice system.” Hamilton v. State, 496 So.2d 100, 106 (Ala.Cr.App.1986). Applying that principle of law to the facts of this case, we hold that the trial court did not err in refusing to exclude the evidence of the conversation recorded by the undercover agent. We reached this conclusion, in part, because there is no evidence that the State intentionally misled the petitioner into believing that the tape contained no relevant information, that is, that it was inaudible. We, therefore, affirm the judgment of the Court of Criminal Appeals, based on its conclusion stated in its unpublished memorandum opinion.
AFFIRMED.
ALMON, SHORES, ADAMS, HOUSTON, STEAGALL and INGRAM, JJ., concur.

. The petitioner claims that the tape was inaudible when he copied it, and that the tape was audible only when the State utilized an equalizer on a “boom box.”

. Temporary Rule 18.1(a), in pertinent part, reads:
"(a) Statements of Defendant. Upon motion of the defendant the court shall order the district attorney:
“(1) To permit the defendant to inspect and copy any written or recorded statements made by the defendant to any law enforcement officer, official, or employee which are within the possession, custody, or control of the state, the existence of which is known to the district attorney."