Floyd Earl Lambert, Jr., was arrested and convicted for trafficking in cannabis. He was sentenced to 20 years' imprisonment and was fined $25,000.00. The Court of Criminal Appeals affirmed his conviction, without opinion, 497 So.2d 857. On November 25, 1986, we granted certiorari. We reverse.
On July 2, 1984, Lambert sold 7.8 pounds of marijuana to Steve Mann. Mann, arrested in connection with a drug transaction in Tallapoosa County, agreed to provide his assistance in apprehending the supplier of his drugs.
Mann made a phone call in order to set up the transaction. He was wired with a microphone and was given 13 $100 bills in order to make the purchase. His vehicle was searched prior to the "buy" and no contraband was found. Mann drove to an old washateria in Keiltown, where he was kept under constant surveillance. Around 10:00 p.m., a Pontiac Grand Prix automobile pulled up next to Mann. Soon thereafter, Lambert drove up in a green 1966 Ford pickup. Lambert instructed Mann to tell the other people in the Grand Prix to leave, and Mann did so. Mann then bought the marijuana from Lambert. Lambert drove away and was apprehended by the police. When the police stopped him, the 13 one hundred dollar bills were hanging out of his bathing suit and a partially smoked marijuana cigarette was found in the ashtray of the pickup. Meanwhile, Mann gave Detective Brock the marijuana. Brock kept the marijuana in his possession until he turned it over to Detective Black in Auburn, who turned it over to Taylor Noggle of the Alabama Department of Forensic Sciences, who determined it to be, in fact, 7.8 pounds of marijuana. Noggle turned the marijuana over to Investigator Neighbors, who kept it in his custody until trial.
Lambert argues that the trial court erred to reversal when it overrode its own pretrial order and allowed evidence of certain statements made by Lambert to Mann into evidence. Prior to trial, Lambert made a discovery motion asking for a statement of the substance of the oral statements made by Lambert to Mann. The trial court granted Lambert's motion, based upon Rule 18, Ala.Temp.R.Crim.P. However, the State failed to comply with the discovery order and did not provide Lambert *Page 900 
with the substance of his own statements. At trial, when the State attempted to introduce the statements into evidence, Lambert objected; the trial court overruled, and allowed Lambert's statements into evidence. The trial court ruled that the State would have to provide copies of custodial statements and not statements that would be considered part of the res gestae. In this interpretation of Rule 18, the trial court erred. Rule 18.1(a) reads as follows:
 (a) Statements of Defendant. Upon motion of the defendant the court shall order the district attorney:
. . . .
 (2) To disclose the substance of any oral statements made by the defendant before or after arrest to any law enforcement officer, official, or employee which the state intends to offer in evidence at the trial.
[Emphasis added.]
The statements made by Lambert were made to a confidential informant working for the police prior to arrest. The rule explicitly mandates that such statements be disclosed to the defendant upon his motion. As stated by our Court of Criminal Appeals, "Rule 18.1(a) is plain and unambiguous. These discovery provisions are the result of many years of painstaking drafting, revision, and redrafting by respected and learned jurists, lawyers, and academicians. . . . As the advisory committee noted in the comments to the 1983 draft, reciprocal discovery is not only more fair to the accused, but is also of more importance to the state since it serves to expedite those cases which are more properly resolved through negotiated pleas." Hamilton v. State, 496 So.2d 100,106 (Ala.Cr.App. 1986).
In this case, Lambert's statements were not recorded or written, but were simply oral statements. Oral statements are discoverable only if the prosecution intends to offer them at trial. Rule 18.1(a)(2), Ala.Temp.R.Crim.P. In the present case, the prosecution offered, and the trial court admitted, evidence of the oral statements, in violation of the Rule.
The State argues that being provided with a statement of the substance of the oral statements would not have aided the defendant. The Rule does not provide for an exception based on whether discovery of the statement would aid the defendant's case. It simply mandates that upon the defendant's discovery motion, "the substance of any oral statements" will be provided to him.
The State argues that the statements were not discoverable because they were made to a confidential informer and not a "law enforcement officer, official, or employee" as mentioned in the Rule. However, Mann was aiding the police in apprehending his drug supplier. He was working on behalf of, and for, the State, specifically to apprehend the defendant. To say that Lambert made statements to a private citizen without connection to the State would be ludicrous. In addition, via the microphone, the police officers were parties to the conversation. Therefore, the Rule applies and the district attorney was bound by it. "These rules are the law. Therefore, it is the duty of the courts to enforce them and the duty of the bar to conform to them." Johnson v. State,501 So.2d 568, 571 (Ala.Cr.App. 1986).
For the reasons set forth, the judgment is due to be reversed and the cause remanded.
REVERSED AND REMANDED.
MADDOX, JONES, SHORES, BEATTY, HOUSTON and STEAGALL, JJ., concur.