We granted certiorari in this case to consider whether the trial court erred to reversal when it allowed a written statement signed by the petitioner into evidence.
The petition indicates, and the record confirms, that the petitioner, Alvin Motley, after being indicted for murder, was convicted in the Circuit Court of Montgomery County of manslaughter. The Court of Criminal Appeals affirmed the conviction without an opinion and, thereafter, overruled the petitioner's application for rehearing.
The following material facts are not in dispute: the petitioner stood accused at trial of killing Quinton McCaster. He asserted the defense of self-defense, claiming that he had to kill McCaster because McCaster had attacked him with a knife. A few months before the confrontation that resulted in McCaster's death, McCaster had stabbed the petitioner with a knife. The petitioner was hospitalized as the result of that incident. After discussing the stabbing incident with the police, the petitioner signed the following statement:
 "Having been advised by Cpl. Hamner, an investigator(s) of the Montgomery Police Department that evidence indicates that Quinton McCaster committed the offense noted on the original report, I do hereby advise officers of the Montgomery Police Department that I do not wish to pursue the prosecution of Quinton McCaster for this offense."
Prior to trial, the petitioner made a discovery motion asking for any written statements that he had made to the police and of which the district attorney was aware. The trial court granted the petitioner's motion, based upon Rule 18.1, Ala.R.Crim.P. The district attorney failed, however, to comply with the discovery order and did not provide the petitioner with the aforementioned statement. At trial, when the district attorney attempted to introduce the statement into evidence, the petitioner objected; however, the trial court overruled the objection and allowed the petitioner's statement into evidence.[1] *Page 566 
Rule 18.1, in pertinent part, reads as follows:
 "(a) Statements of Defendant. Upon motion of the defendant the court shall order the district attorney:
 "(1) To permit the defendant to inspect and copy any written or recorded statements made by the defendant to any law enforcement officer, official, or employee which are within the possession, custody, or control of the state, the existence of which is known to the district attorney."
The petitioner made the statement to the police. The district attorney was aware of the statement and had it in his possession. The rule explicitly mandates that such a statement be disclosed to the defendant upon his motion; because the statement was not disclosed in this case, its admission was in violation of the rule.
The State argues that the district attorney was not required to disclose the statement because it was not made to the police in connection with the offense with which the petitioner was charged. However, the rule does not require that the statement have been made to the police in connection with the offense charged. The district attorney was under a continuing duty to disclose the information requested by the petitioner, Rule 18.3, Ala.R.Crim.P., and the statement in question should have been provided to the petitioner so that defense counsel could consider it in the preparation of his defense. See, also, Ex parte Lambert, 519 So.2d 899
(Ala. 1987).
For the reasons set forth, the judgment of the Court of Criminal Appeals is reversed and the cause is remanded to that court with instructions for it to remand the cause to the trial court for a new trial.
REVERSED AND REMANDED WITH INSTRUCTIONS.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, BEATTY, ADAMS and HOUSTON, JJ., concur.
[1] It appears to us that the district attorney introduced the statement for impeachment purposes — the petitioner had testified earlier that he was afraid of Quinton McCaster and had wanted to have him prosecuted for the stabbing. The obvious import of the statement was that the petitioner chose not to prosecute McCaster for the stabbing because the petitioner planned, instead, to later kill him.