Darrell Lee Hunter was indicted in Mobile County on three counts: an intentional-murder count, pursuant to § 13A-6-2(a)(1), Ala. Code 1975; a first-degree-robbery count, pursuant to § 13A-8-41; and a felony-murder count, pursuant to § 13A-6-2(a)(3). The evidence at trial indicated, without dispute, that Hunter rode in an automobile with two others to the place where the robbery and killing took place and that someone in the group of three shot the victim. Through a statement voluntarily given to the police, and put in evidence as part of the State's case, Hunter admitted that the three had been "riding around looking for someone to rob" and that "they were going to rob someone." Furthermore, he admitted that after the victim had been shot he got out of the car to remove items of clothing from the victim. Hunter denied being the triggerman. At the close of the defense's case, the trial court dismissed the felony-murder count.[1] The jury found Hunter guilty of intentional murder and first-degree *Page 61 
robbery. The court entered a judgment of conviction and sentenced Hunter to two terms of life imprisonment, the sentences to be served concurrently. The Court of Criminal Appeals, on August 27, 1999, affirmed both convictions and sentences, without an opinion. Hunter v. State, (No. CR-98-1053) ___ So.2d ___ (Ala.Crim.App. 1999) (table).
This Court granted certiorari review to consider one issue: Did the trial court err by denying the defendant's motion for a mistrial based on the State's violation of a discovery order? At the trial a codefendant testified that Hunter had been the triggerman. Only one statement by any witness other than that codefendant suggested that Hunter was, or may have been, the triggerman. The State called a police officer, Lloyd Washington, of the Mobile Police Department, who testified that he went to Chatom, in Washington County, to investigate this case because, he said: "We received a call from the Chatom Police Department inquiring about a homicide that possibly occurred in the Mobile area. Said that they had a black male, called himself `Scarface,' that's living with some friends in Chatom, was bragging about committing a crime in Mobile." (Emphasis added.) The evidence was undisputed that the defendant Hunter went by the name Scarface.
The defense attorney immediately objected and asked for a mistrial because the State had not disclosed this statement to the defense, in violation of the trial court's discovery order. The trial court had entered an "open-file-discovery" order obligating the State to disclose all incriminating evidence that was to be used against Hunter. The prosecutor told the trial court that he had not known that Officer Washington was going to make that particular statement. However, Alabama law imputes to a prosecutor knowledge of the information supplied by an investigating officer's testimony. McMillian v. State, 616 So.2d 933 (Ala. Crim App. 1993). The trial court denied Hunter's motion for a mistrial.
Other than the testimony of the codefendant, the statement by Officer Washington is the only statement suggesting that Hunter was, or may have been, the triggerman. This statement also placed in the mind of the jury the notion that Hunter may have been bragging about doing the killing. The substance of the State's case was based on the testimony of the codefendant; that codefendant took the stand and testified that Hunter had shot the victim. The defense attempted to rebut this testimony by calling three witnesses who all testified that the codefendant had claimed to have done the shooting. Hunter was prejudiced by the prosecutor's failure to disclose the information contained in Officer Washington's statement. The prejudicial effect of the failure to disclose requires that Hunter's conviction for intentional murder be reversed. However, as discussed below, the admission of Officer Washington's statement was harmless error insofar as the robbery conviction is concerned.
Hunter himself admitted that he had set out with two others to rob someone. Hunter admitted that after the shooting he got out of the car to take the victim's property. He had the intent to rob. He knew that the two people he was with were trying to rob. He was their accomplice. Therefore, even without Officer Washington's statement, the evidence overwhelmingly proved Hunter's guilt of first-degree robbery.
Hunter's conviction and life sentence for robbery are affirmed. His conviction and life sentence for intentional murder are reversed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
Hooper, C.J., and Maddox, Cook, See, Lyons, Brown, Johnstone, and England, JJ., concur.
[1] The merits of that dismissal are not before us. *Page 62