COBB, Judge,
dissenting.
I disagree with the majority’s determination in Issue I of its unpublished memorandum that no error occurred in the trial court’s denial of Sullivan’s motion to suppress the inculpatory statement he allegedly made before he was arrested. Upon law enforcement’s discovery of a methamphetamine laboratory in the residence Sullivan shared with a roommate, Sullivan allegedly told officers, “It’s all mine,” but this statement was not disclosed to defense counsel until the day of trial, after Sullivan’s jury had been impaneled. The officer who would later testify before the jury about the statement claimed at the suppression hearing that he remembered Sullivan making the statement, but he “just forgot to put it in the report.” (R. 44.) The officer further stated that he had first informed the prosecutor about the statement 90 minutes to 2 hours earlier on the day of trial, and had not previously told the prosecutor about the inculpatory statement because he and the prosecutor had not met about the case before trial. Defense counsel argued that the statement should be suppressed, he argued, because it was not timely disclosed to him, and because the delayed disclosure was a violation of the court’s reciprocal discovery order and Rule 16.1, Ala. R.Crim. P.
The prosecution’s failure to disclose the existence of the statement until the day of trial, after the jury had been selected is, without question, a violation of Rule 16.1 and the trial court’s reciprocal discovery order, and the majority does not argue otherwise. The majority infers from the statements defense counsel made during the suppression hearing that the prosecutor informed him of the inculpatory statement as soon as the prosecution witness revealed it to him. Because “Alabama law imputes to a prosecutor knowledge of the information supplied by an investigating officer’s testimony,” Ex parte Hunter, 777 So.2d 60, 61 (Ala.2000), as the majority acknowledges, the police officer’s late disclosure of the statement does not excuse the State’s failure to comply with Rule 16.1 and the trial court’s discovery order.
Moreover, I am convinced that the trial court abused its discretion when it denied the motion to suppress. Sullivan was irreparably prejudiced by the late disclosure of the inculpatory statement. Certainly, Rule 16.5, Ala. R.Crim. P., provides the trial court with the discretion to impose sanctions, if any are deemed necessary, for the failure to comply with discovery rules. I am aware that Alabama’s appellate courts have often stated that suppression of belatedly disclosed material is not always required. In this case, however, suppression was the only reasonable alternative, and reversal is now, unfortunately, the only result that can remedy the violation and protect the appellant’s rights.
My review of Alabama Supreme Court cases addressing a prosecutor’s failure to timely disclose a defendant’s statement convinces me that, under the facts presented here, the statement should have been suppressed. In Ex parte Hunter, 777 So.2d 60 (Ala.2000), a police officer testified about a telephone call that contained information incriminating the defendant. The trial court denied the defendant’s motion for a mistrial, after the prosecutor told the trial court that he did not know that the officer would make that particular statement. The Alabama Supreme Court observed that the police officer’s testimony supported the codefendant’s version of events, which the defendant had attempted to rebut by presenting witnesses who testified that the codefendant claimed to have committed the crime. The Supreme Court *483 then stated that the prosecutor’s failure to disclose the information contained in the officer’s statement prejudiced Hunter, and that the failure to disclose required the reversal of the murder conviction.
Similarly, in this case, Sullivan contended that the methamphetamine and paraphernalia belonged to his roommate, who occupied a separate part of the residence they shared, and that he had no knowledge of his roommate’s illicit activities. Thus, like in Ex parte Hunter, the police officer’s testimony that Sullivan claimed ownership of the drugs and the drug-related supplies was fatal to his defense. Based on Ex parte Hunter, I believe that this Court has no alternative but to reverse Sullivan’s conviction.[1]
The cases cited in the quotation in footnote 3 of the unpublished memorandum further support my assertion that reversal is required. Footnote 3 states:
“In McLemore v. State, 562 So.2d 639 (Ala.Crim.App.1989), this Court stated:
“ ‘This court is aware that the Alabama Supreme Court has, in two cases, held that the prosecutor’s failure to comply with a Rule 18 [Ala. R.Crim.P. (Temp.), now Rule 16, Ala. R.Crim.P.] discovery order mandated a reversal. Ex parte Motley, 534 So.2d 564 (Ala.1988); Ex parte Lambert, 519 So.2d 899 (Ala.1987). Both of these cases, however, involved the failure to provide extrajudicial statements of the defendant and apparently involved facts from which the Supreme Court concluded that a reversal was the only sanction which “would accomplish the goals of the discovery rules.” McCrory v. State, 505 So.2d [1272, 1279 (Ala.Crim.App.1986)]. We note that neither of those cases contained any discussion of the other sanctions for nondisclosure contained in Rule 18.5 [now Rule 16.5]. We, therefore, find those cases distinguishable from the case at bar.’
“562 So.2d at 646.”
(Emphasis added in memorandum.)
Indeed, this Court distinguished McLemore v. State, 562 So.2d 639 (Ala.Crim.App.1989), from Ex parte Motley, 534 So.2d 564 (Ala.1988), and Ex parte Lambert, 519 So.2d 899 (Ala.1987), because McLemore involved the failure to disclose fingerprint evidence and the Supreme Court cases involved extrajudicial statements of the defendants, precisely the circumstance before us — an undisclosed extrajudicial statement from the defendant. In Ex parte Lambert, the Supreme Court determined that the defendant’s oral statement made to a confidential informant and overheard by the police should have been provided to him. The Court concluded, again, quite simply:
“Therefore, the [rule requiring disclosure] applies and the district attorney was bound by it. ‘These rules are the law. Therefore, it is the duty of the courts to enforce them and the duty of the bar to conform to them.’ Johnson v. State, 501 So.2d 568, 571 (Ala.Cr.App.1986).”
519 So .2d at 900.
I can only conclude, based on my review of our Supreme Court’s cases, that the *484 Alabama Supreme Court does not hesitate to consider the State’s failure to disclose extrajudicial statements of the defendant to be extremely serious violations of the discovery rules. In fact, Justice Adams, writing for the majority in Ex part Lambert, stated:
“The rule [now Rule 16.1, Ala. R.Crim. P.] explicitly mandates that such statements be disclosed to the defendant upon his motion. As stated by our Court of Criminal Appeals, ‘Rule 18.1(a) [now Rule 16.1] is plain and unambiguous. These discovery provisions are the result of many years of painstaking drafting, revision, and redrafting by respected and learned jurists, lawyers, and academicians.... As the advisory committee noted in the comments to the 1983 draft, reciprocal discovery is not only more fair to the accused, but is also of more importance to the state since it serves to expedite those cases which are more properly resolved through negotiated pleas.’
“Hamilton v. State, 496 So.2d 100, 106 (Ala.Cr.App.1986).”
519 So.2d at 900.
The majority cites Perkins v. State, 808 So.2d 1041 (Ala.Crim.App.1999), aff'd, 808 So.2d 1143 (Ala.2001), in which this Court found no plain error after the State failed to timely disclose a statement to the defendant. Perkins is distinguishable from Sullivan for two significant reasons. First, the statement Perkins made to a police officer at the time of his arrest was disclosed to Perkins one week before trial, not on the day of trial and after the jury had been selected, as in this case. Second, Perkins’s counsel did not object at trial to the timeliness of the State’s disclosure or to the admission of the statement at trial, and the issue was reviewed by this Court only for plain error. Because Sullivan’s statement was disclosed after the trial had already begun and because defense counsel objected to the late disclosure and sought a mistrial, Perkins is distinguishable and lends little support for the majority’s conclusion.
The majority quotes from Pettway v. State, 607 So.2d 325 (Ala.Crim.App.1992), in which this Court upheld the trial court’s “somewhat unorthodox” sanction for the State’s failure to disclose the defendant’s statement. Significant to the Court’s analysis and holding in that case, however, was defense counsel’s failure to object until after the police officer testified about the statement and after the State had rested and two defense witnesses testified. This Court further observed that defense counsel’s failure to object until the trial was nearly concluded was indicative of a lack of prejudice to the defendant. Id. at 332. Sullivan objected as soon as he was informed of the statement and he moved immediately to have the statement excluded from evidence. Thus, Pettway is distinguishable from the case before us and does not support the majority’s determination that the trial court did not abuse its discretion here.
As Sullivan noted in his brief to this Court, a statement disclosed to defense counsel before trial can be considered as part of the preparation of the defense. Sullivan further noted in his brief to this Court that the rules of discovery must be enforced because they expedite cases that are “ ‘more properly resolved through negotiated pleas.’ ” (Sullivan’s brief at p. 15)(quoting Ex parte Lambert, 519 So.2d 899, 900 (Ala.1987).) If defense counsel in this case had been aware that the officer would testify that Sullivan had claimed ownership of the drugs and paraphernalia, defense preparation might well have included serious considerations of plea negotiations, and it certainly would have influenced Sullivan’s consideration of whether *485 to testify at trial. Defense counsel was denied the opportunity to accurately evaluate his case, however, by the State’s failure to timely disclose the substance of the defendant’s statement.
Sullivan’s motion to exclude the statement should have been granted, and the trial court abused its discretion when it denied that motion. Accordingly, I believe that this Court has no alternative but to reverse Sullivan’s conviction and remand the cause for further proceedings.
For the foregoing reasons, I respectfully dissent.

. The majority attempts to distinguish Ex parte Hunter on the ground that Sullivan was informed of the substance of the undisclosed statement outside the presence of the jury, while Hunter was informed of the statement only when the witness testified from the stand. I am not persuaded that this is a valid distinction because the Alabama Supreme Court in Ex parte Hunter stated, quite simply, “Hunter was prejudiced by the prosecutor's failure to disclose the information contained in Officer Washington's statement. The prejudicial effect of the failure to disclose requires that Hunter's conviction for intentional murder be reversed.” 777 So.2d at 61.